This is a suit for workman's compensation, wherein plaintiff alleges that on the morning of June 9, 1941, while in the employ of defendant Robert E. "Bob" Lee, doing business under the trade name of Lee Lumber Company, in the capacity of millwright at defendant's sawmill, he sustained an accident which injured his left leg and left him totally and permanently disabled. He alleges that his weekly wage was $20 and that because of his total and permanent disability he is entitled to compensation at the rate of $13 per week from June 9, 1941, for a period not to exceed 400 weeks, with legal interest on past due installments, plus $250 for medical expenses incurred and to be incurred.
Defendant admits plaintiff's employment at the sawmill at the wage alleged, but denies that he was employed as a millwright, averring that he was employed as a sawyer. Defendant denies also that plaintiff sustained the alleged accident and injury.
The District Court dismissed plaintiff's suit on the ground that plaintiff had failed to prove to a legal certainty that he sustained the accident alleged. Plaintiff has appealed.
As set forth in the written opinion of the trial judge, the principal question involved in the case is whether or not the plaintiff has sustained the burden of proving, by a preponderance of evidence, his alleged accident and injury.
The evidence on that point consists in the main of the testimony of plaintiff and four fellow employees, namely, Achord, Folds, Boier and Rusler, the only individuals who were present and in a position to see the alleged accident.
Plaintiff testified that he had been employed by the defendant the week prior to his alleged accident as a millwright to rebuild the sawmill; that he completed his duties as such on Friday noon; that the defendant had requested plaintiff to return to the sawmill on Monday morning to start the mill and see that the mill was doing satisfactory work; that he reported on Monday morning, started the milling operation; that in order to check the operation of the saw, he got on the skidway, at about the middle, close to the end, and while so standing and in the act of checking the operation of the saw, a saw log which had been placed on the skidway, and which was being rolled on the carriage, slipped from the cant hooks of the log-tripper (Achord) and rolled back and struck his left leg with a severe blow, jamming the leg between the rolling log and another log and causing the injury on which this suit is based.
Achord, the log tripper, testifies that his duty is to trip the logs from the skidway to and on the carriage; that as he was about to "catch the carriage", he hollered to plaintiff who was standing on the skidway, causing plaintiff to step over the log; and while plaintiff was in the act of stepping over the log, the cant hook slipped out causing the log to jam plaintiff's leg against another log; that he immediately grabbed his cant hook and removed the log from plaintiff's leg; that the accident happened shortly before noon. *Page 611 
Jessie Folds, who is the block-setter, and Elsey Boier, who is the dogger, testified in effect that they were riding on the carriage, which makes the trip from the skidway up past the saw every 8 to 10 seconds, during the whole forenoon, and that they did not see plaintiff on the skidway, did not see the alleged accident and that they would have seen plaintiff had he been on the skidway and that they would have seen the alleged accident had it in fact occurred; and further, that no one gave any outcry or yell. It is to be noted that plaintiff and Achord place the carriage in the act of receiving the log which allegedly slipped from the cant hooks. These witnesses are positive in their testimony that no such accident happened.
Elmer Rusler testified that he acted as sawyer on that forenoon upon the request and instructions of plaintiff; that plaintiff remained by witness' side and that plaintiff did not go on the skidway, and that he heard no outcry or yell by any one.
From the above, it can readily be seen that the question of fact involved must be determined from contradictory testimony. If we are to believe plaintiff and Achord, the accident has been established; and if we believe Folds, Boier and Rusler, the accident has not been established. It is fundamental that we should not reverse the lower court on a finding of fact unless he has manifestly erred, and naturally the trial judge was in a better position to weigh the respective merits of the aforesaid conflicting testimony than we are.
Judgment affirmed.