Both plaintiff and defendant filed an application for a rehearing. We have considered both applications, and do not consider it necessary to make further comment, except with reference to one point urged by the defendant in its application.
One of the contentions made by the defendant is that, in no event, should the compensation for partial disability extend beyond July, or at most, beyond December, 1944, as there is nothing to show that plaintiff was disabled after those dates. As we stated in our last opinion (reported in 24 So.2d 485) plaintiff testified that the last time his foot swelled up was in December, 1944, but he also testified that he was doing light work under Mr. Austin, further stating: "Everytime I have a lot of bending to do on my foot, it swells up and hurts".
Dr. Morris testified that the swelling in plaintiff's foot had disappeared when he discharged him in July, 1944, and his foot had improved, but the doctor was of the opinion that he could then discharge only limited duty. The doctor expressed the opinion that if plaintiff's foot swelled in December (as plaintiff and Austin testified it did after the doctor had treated plaintiff in July), the swelling was a recurrence of the injury; that the kind of injury plaintiff has tends to become chronic.
It is too well settled to require citation of authority that where a claimant is shown to be partially or totally disabled at the time of the trial and there is no evidence on which to fix a definite period for the continuance of the disability, compensation should be fixed so as not to exceed the maximum number of weeks. We found, and adhere to that finding, that the evidence shows that plaintiff was partially disabled from the injury at the time of the trial, and there is no way by which we can determine just when that partial disability will cease. The defendant is protected by the provision in the statute which permits a review of the judgment at six month periods.
As we find no reason to change our last decree, it must stand as the final judgment of this court.
Both applications for a rehearing are therefore refused.