This is a suit by the plaintiff, Jack Gilmore, against his employer, George W. Garig Transfer, Inc., and the latter's insurer, American Mutual Liability Insurance Company for workman's compensation under Act No. 20 of 1914, as amended, for disability of Gilmore resulting from an injury to one of his feet suffered in an accident. At the time of the accident, June 8th, 1945, 65% of Gilmore's average weekly wage amounted to $19.50. The District Court rendered judgment in favor of Gilmore and against the defendants, appellants, George W. Garig Transfer, Inc. and American Mutual Liability Insurance Company for workman's compensation at the rate of *Page 100 
$19.50 per week for a period not to exceed 400 weeks, less a credit of 36 weeks of compensation admittedly paid by the defendants beginning on the 8th day of June, 1945 with legal interest on each past due installment until paid, plus $20 for medical services rendered by Dr. E.J. Herpich. In its judgment the District Court also condemned the defendants to pay the costs, ordered that the fees of the medical experts Dr. Lawrence J. Kern, Dr. E.J. Herpich, Dr. Charles McVea and Dr. W. Shewen Slaughter be fixed at $20 each and taxed as costs, and that the fee of the plaintiff's attorneys, Messrs. Brumfield, Hebert Rush be fixed at 20% of the amount recovered, not to exceed $1,000. From that judgment of the District Court the defendants prosecute this appeal.
While the District Court gave no written reasons for its judgment, its form and amount are appropriate to, and only to, a finding of total permanent disability. Act No. 20 of 1914, § 8(b), as amended by Act No. 120 of 1944 (the amending act in force at the time of the accident). So we assume that the District Court found that at the time of the trial Gilmore was permanently totally disabled, as a result of the injuries suffered by him in the accident, to do work of any reasonable character, and the plaintiff contends that such is the case. On the other hand, the defendants, appellants, contend that the plaintiff's disability is neither total nor permanent.
The only controversies in the case are over the extent of the plaintiff's disability and its duration or probable duration.
Section 8 of Act No. 20 of 1914, as amended by Act No. 120 of 1944, insofar as pertinent, reads:
"Section 8. That compensation shall be paid under this act in accordance with the following schedule of payments:
* * * * * *
"(b) For injury producing permanent total disability to do work of any reasonable character, sixty-five per centum of wages during the period of disability, not, however, beyond four hundred weeks."
Let us first consider the extent of Gilmore's disability at the time of the trial in the District Court.
[1] The term "disability to do work of any reasonable character," as used in Act No. 20 of 1914, both in its original and its amended forms, means disability to do the same character of work one was accustomed to and was performing at the time of his injury. Carlino v. United States Fidelity 
Guaranty Co., 196 La. 400, 199 So. 228, 232, 233; Ranatza v. Higgins Industries, 208 La. 198, 23 So.2d 45, 46; McKenzie v. Standard Motor Car Co., La. App., 15 So.2d 115, 117.
Prior to the accident the plaintiff was employed as a laborer. He testified that since the accident when he attempts to do the same kind of work he did before the accident he suffers so much pain that he cannot work.
His medical expert Dr. L.J. Kern testified that he was totally disabled.
Dr. E.J. Herpich, who also testified for the plaintiff, was of the opinion that the plaintiff had only a 20% disability. He said, however, that if he were examining the plaintiff for a prospective employer, he would recommend against his employment.
Dr. W. Shewen Slaughter and Dr. Charles McVea testified for the defendant.
Dr. Slaughter was of the opinion that the plaintiff was suffering from practically no disability.
Dr. McVea said that the plaintiff had a 25% disability. He based that on an opinion that the plaintiff can do the same kind of work he did before, but will suffer pain while doing it.
Such is the evidence on the question of extent of disability. In our opinion a preponderance of the evidence shows that the plaintiff cannot perform the kind of work he did before the accident without suffering considerable physical pain while doing it. Such being the case, he was at the time of the trial totally disabled.
Necessity may compel one to perform work at the expense of considerable pain, but we do not think that the Courts should do so.
In Carlino v. United States Fidelity Guaranty Co.,196 La. 400, 199 So. 228, supra, the Supreme Court said on rehearing (199 So. 233): *Page 101 
"And it has been decided that an injured workman may be deemed totally disabled, within the meaning of the statute, even though the necessity of supporting his family compels him to do work which causes great pain and suffering. Fluitt v. New Orleans T. M. R. Co., 187 La. 87, 174 So. 163. See also Stieffel v. Valentine Sugars, 189 La. 1091, 179 So. 6."
In Lee v. International Paper Co., La. App., 16 So.2d 679, the Court of Appeal for the Second Circuit said (16 So.2d 681):
"Our law does not require a man to work after having been injured if working causes him pain due to that injury and to do so would be abolish in part, at least, the humane theory of the Compensation Act."
To the same effect is the decision of the latter Court in Brown v. Furr, La. App., 19 So.2d 283, 285. And in Rigsby v. John W. Clark Lumber Co., La. App., 28 So.2d 346, this Court said (28 So.2d 350):
"* * * the jurisprudence is to the effect that no one is called on to perform work while suffering pain in order to recover compensation."
[2, 3] So, one who, as a result of injuries, suffers considerable pain while performing the character of work he was accustomed to and was performing at the time he received the injuries, is as a result of the injuries totally disabled to do work of any reasonable character. And such was the plaintiff's condition at the time of the trial. Therefore, at the time of the trial, as a result of the accident and injuries, the plaintiff was totally disabled to do work of any reasonable character.
This brings us to the question of the duration or probable duration of the plaintiff's disability.
Drs. Herpich and Kern were of the opinion that the plaintiff's condition would not improve. Dr. McVea thought it would improve some, but fixed no time when it might do so. In view of this, the trial Court was correct in fixing the plaintiff's compensation as for permanent disability under the ruling of this Court in Vilce v. Travelers Ins. Co., La. App.,25 So.2d 256, expressed in the following language:
"It is too well settled to require citation of authority that where a claimant is shown to be partially or totally disabled at the time of trial and there is no evidence on which to fix a definite period for the continuance of the disability, compensation should be fixed so as not to exceed the maximum number of weeks."
It is, therefore, our opinion that the plaintiff is permanently totally disabled to do work of any reasonable character as a result of the injuries suffered by him in the accident.
Consequently, the judgment appealed from is hereby affirmed, the defendants to pay all costs in both Courts.