This is a compensation suit in which the plaintiff claims total, permanent disability and prays for judgment for an award of $20 per week not exceeding 400 weeks, less 5 weeks compensation heretofore paid by the employer. After trial there was judgment in favor of plaintiff as prayed for, from which judgment defendants appeal.
Plaintiff claims to have been injured on October 18, 1947, in the regular performance of his duties, which were connected with the loading and hauling of pulpwood, when, in picking up a large stick of wood, he suffered severe sprains and strains and other attendant injuries in the neighborhood of the sacro-iliac region of his back.
The only question presented on this appeal is one fact as to whether plaintiff was actually disabled as the result of the accident alleged, and, if so, if his disability continued.
This case involves three of the most troublesome and difficult factors in connection with compensation claims, namely, a sacro-iliac injury, an irreconcilable conflict of medical testimony, and a dependence in large degree upon the establishment of the claim through subjective rather than objective symptoms.
Plaintiff was first treated by Dr. J. M. Garrett, who found no objective evidence of injury and who prescribed sedatives for the relief of pain in connection with the administration of the approved treatment for back injuries. Dr. Garrett's testimony is positive on the point that plaintiff was suffering from no disabling injury at the time of trial. In further support of this position defendants offered the testimony of Dr. Gene D. Caldwell, a specialist in orthopedic surgery, the gist of which was to the effect that he was unable to find any "positive objective evidence of disability". It is to be observed that this witness did not testify that plaintiff was not disabled, but that he found no evidence of disability.
Opposed to the conclusions of these witnesses, the record contains the testimony of three medical experts on behalf of plaintiff, all of whom were of the opinion that plaintiff had received a disabling injury from which he continued to suffer up to the time of trial. This evidence was supported by the consistent testimony of plaintiff himself as to pain and discomfort of a nature and degree which would indicate disability, and further by the testimony of a lay witness, a neighbor of plaintiff, whose conclusions as to plaintiff's disability were drawn from observations as to the difference in plaintiff's appearance and degree of activity before and after the accident.
In assigning written reasons for judgment, our learned brother of the District Court called attention to the fact that plaintiff is a young Negro, 31 years of age, with a good work record and no previous accident claims, and that denial of his claim would be to brand him a malingerer, which conclusion he did not think justified. We are in complete accord with this finding of fact. *Page 758 
As to the duration of the disability, the District Judge made the following observation, which we think appropriate: "There is no testimony in the record to fix any particular time for full recovery of plaintiff. In this situation the only thing to be done is to award him compensation for not exceeding 400 weeks from the date of his injury, less five weeks already paid.
The defendants may reopen the case at the end of six months and have plaintiff examined again."
Finding no manifest error of fact in the judgment of the District Court, it follows that the same must be affirmed.
Accordingly the judgment appealed from is affirmed at appellant's cost. *Page 812