HARDY, Judge.
This is a compensation suit in which plaintiff claims total and permanent disabil *841 ity as the result of a hernia sustained by reason of accidental injury incurred while in the employ of Latex Construction Company. The employer and its insurer are made defendants. After trial there was judgment awarding plaintiff the sum of $30.00 per week during the period of disability, not to exceed 300 weeks, from which judgment defendants have appealed. Plaintiff has answered the appeal praying amendment of the judgment increasing the compensation to a period not exceeding 400 weeks on the basis of total and permanent disability.
The facts in connection with the accident and injury are undisputed. Plaintiff was injured on May 9, 1950, and, after consultation with two doctors, was referred to Dr. Boyce of Shreveport, who found that he was suffering from a complete hernia on one side and a potential hernia on the other side, which in the doctor’s opinion necessitated repair of both sides. Accordingly, on May 15, 1950, Dr. Boyce performed a double herniaplasty. On or about July 15, 1950, Dr. Boyce discharged plaintiff as being able to return to work, and defendant insurer terminated compensation payments which had been made up to said date. Plaintiff, claiming to be unable to return to work, filed this suit on July 28, 1950, and trial was had on October 5, 1950.
Plaintiff’s specific complaints are that he suffers extreme pain and discomfort in the operated region, particularly in the scars, and additionally that he .has suffered a ptosis of the left testicle, following the operation, which causes him pain and discomfort. We will first dispose of this latter complaint since it appears to offer no serious difficulty.
While it is true that plaintiff testified that the falling of the left testicle has occurred only subsequent to the operation, we think the testimony of the surgeon who performed the operation on this point is entitled to greater weight. Dr. Boyce testified positively that there had been no,change in the condition of the testicles following the operation to that which was present prior thereto. In addition to-this fact we think it is definitely established by the great preponderance of the testimony that plaintiff can secure relief for this condition through the expedient of wearing a suspensory. For these reasons we are of the opinion that plaintiff has failed to establish his contentions and to support the claim of disability on the basis of this complaint.
Plaintiff’s claims of total disability to do manual labor as the result of pain and discomfort in the operated region are not so easily resolved. The testimony of the expert medical witnesses is conflicting. None of the doctors found objective symptoms which would substantiate plaintiff’s claims, and, as is so frequently the case, no positive testimony could be presented which would nullify the entirely subjective symptoms of pain and discomfort.
The conclusions of Dr. Sentell, a witness for plaintiff, were to the effect that, accepting plaintiff’s complaints, he was unable to perform heavy manual labor. This conclusion was violently and emphatically disputed by the most positive and somewhat vehement testimony of Dr. Boyce. This witness in no uncertain terms declared that plaintiff was able to return to work and had been able since the date he was discharged from treatment on July 15, 1950. The doctor further testified, in effect, that plaintiff’s trouble was mental and was caused primarily by his squeamishness in making the proper effort to overcome his own insecurity and fear.
To some degree striking a balance between the testimony of the experts above noted, Dr. Ilgenfritz, a witness for defendants, did not entirely discount plaintiff’s symptoms, although he indicated that they were most unusual. This witness testified that it was entirely possible that a nerve had been caught up during the operative process and could have been imbedded in the scar tissue which might account for the soreness and tenderness of which plaintiff complains.
Under the facts developed in this case it is impossible to reach any thoroughly definite and satisfactory conclusion. No one can say that the plaintiff is not suffering pain, though we confess that we incline to the belief-that he has not made a consistent and wholehearted effort to overcome his *842 discomfort. It is to be noted that suit was filed within two weeks -after plaintiff had been discharged by Dr. Boyce and trial was had within less than five months after the operation. We agree with the District Judge in his observation that plaintiff will recover within a period of time, as a consequence of which he cannot be regarded as totally and permanently disabled: Further, as observed by the District Judge, it is impossible to fix with any certainty the time of recovery. It would appear that this would depend in great degree upon plaintiff’s own resolution. His description of his symptoms is common to almost every instance of abdominal operation. The feeling of uncertainty and fear is normal and must be overcome through the exercise of the will power and by the determination of the individual himself.
Since we cannot conclude with certainty that plaintiff was not suffering pain at the time of trial, cognizant of the liberal interpretation of the workmen's compensation statute, LSA-RS 23:1021 et seq., we must allow plaintiff the benefit of any doubt. However, we are convinced, as was the District Judge, that plaintiff’s disability cannot be regarded as permanent.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.