ELLIS, Judge.
This is a direct action suit against Travelers Insurance Company, insurer of the workmen’s compensation risk for Combustion Engineers, Inc. The recovery of payments for total and permanent disability is sought from July 31, 1953, with credit for amounts already paid.
*178 Admissions made at a pre-trial conference, and prior to hearing on the merits, have resolved this case into a question of the disability of plaintiff at the time of the trial, and if none existed, the time of his recovery. The lower Court rendered judgment for plaintiff, the particulars of which will be discussed later, and the defendant has appealed.
The allegations of the petition represent that on July 31, 1953 while plaintiff was employed in a hazardous business, attempting to remove a brace between two tanks, he felt a burning sensation in both sides of his groin; that he was taken to a clinic, and on August 15, 1953 operated upon for a bilateral hernia; that he was discharged on September 26, 1953 and attempted to return to work, but was unable to do so as he still suffered pain; that he still suffers from a hernia on his left side and is unT able to perform any work of any reasonable character; that the defendant carried workmen’s compensation insurance at the time of the accident.
The defendant filed answer, admitting the employment, the coverage, and the injury as well as the operation. However, it maintained plaintiff had completely recovered on September 26, 1953 and that all liability has been discharged by paying plaintiff compensation from the date of the accident through October 5, 1953. The rate of pay is not disputed as plaintiff herein earned enough to receive maximum payments of $30 per week.
Plaintiff reported to his employer immediately after the accident and was sent to its doctor, and on August 15, 1953 was operated upon by Doctors Plouston and Roy, who discharged him as completely recovered and able to return to his work on September 26, 1953. On October 1, 1953 plaintiff returned to his job and worked for two and one-'half days, when he claimed he suffered such pain in his left groin that he was unable to continue, and the Superintendent for his employer terminated his position. Shortly thereafter Doctor Feder, the personal physician of plaintiff, found, upon examination, that plaintiff had a relaxed inguinal ring on the left side with impulse upon coughing, and the^cords and ilio-inguinal nerves were so inter-tied that pressure upon the nerves was caused and, in his opinion, an operation was necessary to alleviate plaintiff’s complaint of pain. This physician further found an atrophied condition of plaintiff’s left testicle. His opinion was that no doubt the man was suffering a great deal of pain.
On the other hand the two doctors who operated upon the plaintiff, stated the hernia was completely repaired and that the atrophy of the left testicle would not disable plaintiff. They maintained that they could find no objective symptoms of pain, and denied that any operation would correct plaintiff’s condition. The sum of their testimony is that the operation had been a complete success and that in their opinion plaintiff was suffering no disability whatsoever.
Another physician on behalf of the defendant, stated he had examined the plaintiff on January 14, 1954, some four or five months prior to the date of the trial; that he complained of pain in his left groin and that possibly this pain was the result of an irritation of the ilio-inguinal nerve and, if so, this would prevent the plaintiff from doing the type of work he had done previously.
The trial court, with written reasons, concluded the personal physician of plaintiff, Dr. Feder, was correct in his diagnosis that there was pressure on the ilio-ingui-nal nerve as a result of the operation, and predicated this belief upon the conviction plaintiff was suffering pain, which had been continual since the operation. Our learned brother below stated the plaintiff did not impress him as a malingerer and that one of the defendant’s expert witnesses admitted there was a possibility that the pain complained of was probably the result of the operation, which pain would probably prevent the plaintiff from continuing his work; that the testimony of the two doctors who performed the operation should not carry as great a weight as the other two physicians due to the position they *179 occupied in relation to the case. Further, as is shown by the record, the plaintiff suffered no physical disability prior to the accident, and attempted to return to work, but he found it impossible to continue, due to the pain; that he stated at the time of the trial he was willing to undergo an operation, but in the record there is no evidence that the defendant ever offered to have such an operation performed. The reasons state: “To my mind the plaintiff’s willingness to undergo this operation produces a highly determinative factor in this case insofar as to whether or not he is suffering from any pain, and I resolve this fact in his favor, because I am of the opinion he has proved it with reasonable certainty.”
 Certain objections were made to the admission of testimony upon the part of plaintiff to prove any pain other than that caused as a result of the hernia for the reason that the proof should be restricted to the allegations of the petition. Of course, in compensation cases, any doubts as to the adequacy of a petition should be resolved in favor of plaintiff. See Brooks v. Smith, La.App., 35 So.2d 613. Also, the technical rules in such proceedings are not strictly enforced, and if a claimant alleges all of the facts within his knowledge, this is sufficient. Kirby v. Terminal Paper Bag Co., La.App., 6 So.2d 562.
In this type of case, finding no manifest error, we must accept as a fact the conclusion of the lower court that plaintiff was suffering pain at the time of the trial and had been so suffering since the date of the accident. Drewett v. Lee, La.App., 12 So.2d 610; Pringle v. Milner-Fuller, Inc., La.App., 7 So.2d 253; Chelette v. Russell, La.App., 59 So.2d 210.
It is clear in our jurisprudence that a claimant, who can substantially perform his usual occupation only with pain and suffering is entitled to compensation. See Vautrot v. Maryland Casualty Co., La.App., 32 So.2d 500; Godeaux v. Travelers Ins. Co., La.App., 58 So.2d 427.
The judgment rendered by the District Court awards compensation payments to the plaintiff at the rate of $30 per week, beginning October 5, 1953, and to continue for the duration of his disability, not to exceed 400 weeks, with the usual stipulations of legal interest, costs and expert witness fees. This judgment should award compensation at the stated rate beginning from the date of the accident, during the period of disability, not beyond 400 weeks, with credit for payments already made. The witness fees are reasonable.
Accordingly, the judgment of the District Court is amended to award weekly compensation payments at the rate of $30 beginning July 31, 1953, not however, beyond 400 weeks, with legal interest on each past-due installment from its due date until paid, with credit for payments already made, and in all other respects is affirmed.