LOTTINGER, Judge.
This is a suit by Charleston Reed against his employer, Calcasieu Paper Co., Inc., under the Workmen’s Compensation Act, LSA-R.S. 23:1021 et seq. An exception of no cause or right of action was filed by the defendant. The Lower Court maintained the said exception, and dismissed petitioner’s suit. Petitioner has appealed.
We quote in full the plaintiff’s petition, which is as follows:
“The petition of Charleston Reed, of full age and majority, a resident of the Parish of St. Landry, State of Louisiana, with respect represents;
“I
“That on December 24th at approximately the hour ten a. m. in the year 1952, your petitioner, while in the discharge of his regular duties, and during the course and scope of his employment, and while working for the Cal-casieu Paper Company, Incorporated, at Elizabeth, Allen Parish, Louisiana, which said corporation is believed to be a foreign corporation, qualified under the laws of the State of Florida, and doing business in the State of Louisiana, at Elizabeth, Allen Parish, Louisiana, was injured as a result of an accident as hereinafter set out; ■
“II
“That the said Calcasieu. Paper Company Incorporated, hereinafter referred to as the employer, was and is engaged in a hazardous occupation as defined by the Workmen’s Compensation Laws of the State of Louisiana and the settled jurisprudence pursuant thereto and that your, petitioner was employed in a hazardous phase of said occupation in and that he was working around power driven equipment and on power driven belts or conveyors and that ’at the time of said injury and said accident your petitioner was earning a salary in excess of $48.00 per week.
"Ill .
' “That on said date and day at the time and hour hereinabove set out, while working on said conveyor, imme- ‘ diately prior to which, your petitioner was unloading wood from a boxcar onto said conveyor and one of the carriage holes on a tram became clogged and your petitioner while attempting to pull pieces of wood to disengage the same from the tram with an instrument or tool known as a hook, which disengaging necessitated considerable pulling, your petitioner felt a sharp pain-in what he believed was his lower ab-' domen and immediately became nauseated and reported to his foreman.
“IV
“That as a result of said injury, on December 8th, 1952 a- hernio plasty was performed and through what was alleged believed to be a convalescing *590 period, your petitioner was paid compensation at the rate of $30.00 per week through March 5th, 1953, at which time, compensation was discontinued.
«V '
“That on March 20th, 1953 your petitioner sought the advice of counsel and the said employer was advised of the acute paid and disabling injury, notwithstanding which it was not until June 27th, 1953 that your petitioner was able to receive any answer to his repeated requests for information in order that he could properly assert his claim.
“VI
“That your petitioner was examined ■by Doctor B. M. Woodard, a. physician of defendant’s choice, who diagnosed your petitioner’s condition in the main as follows ‘the cord on the right side is somewhat thickened and indurated and the testicle is atrophied. The atrophied is very marked. It is our opinion that the atrophied of the testicle is a result of the operation and if he continues to have a great deal of pain in the right cord and region of the testicle, it may be desirable, at a later date to remove the testicle and cord.’
“VII
“It is further suggested that even the physician of defendant’s choice, who performed the operation, felt the necessity of another operation, to correct the improper condition which' resulted from the previous operation, .notwithstanding which, the defendant has, without justification, arbitrarily seen fit to discontinue compensation pay-, ments, which has resulted in forcing your petitioner to seek and perform manual labor, notwithstanding his pain which at times becomes practically unbearable and does not permit him to obtain complete rest at night, without the assistance of aspirin.
“VIII
“That all of the medical reports and findings are in the possession of defendant and are his counsel and that because of said unreasonable and arbitrary refusal to pay compensation, your petitioner is entitled, in addition to said compensation Attorney’s fees, penalty and interest as provided by law, in that the injury has left your petitioner permanently totally disabled, entitling him to compensation at the rate of $30.00 per week, during his period of disability, not to exceed four hundred (400) weeks.
“IX
"That your petitioner is a citizen of the State of Louisiana, and has been such for a period of more than five (5) years continuously prior to this date and cannot because of his lack of means and poverty pay the advance Court costs or deposit, nor is he able to give security for payment of said costs and accordingly is entitled to file this suit in forma pauperis.
“Wherefore petitioner prays that the Defendant the Calcasieu Paper Company, Incorporated, be served with a copy of this petition according to law and cited to appear and answer the same and after the legal delays and due proceedings had, there be judgment rendered herein, in favor of your petitioner Charleston Reed and against the Defendant the Calcasieu Paper Company, Incorporated, awarding your Petitioner compensation at the rate of $30.00 per week for his permanent total disability, for a period not to exceed four hundred (400) weeks;
“That there be further judgment rendered herein awarding your petitioner penalty, interest and attorney’s fees for the unreasonable, unjustifiable and arbitrary refusal to pay compensation unto your petitioner, who is under the law and according to medical opinion, permanently totally disabled.
*591 “Petitioner further prays that, he he permitted to file this suit without payment of Court costs or furnishing bond for same.”
Plaintiff subsequently filed an amended and supplemental petition wherein he alleged the date of the accident to be December 4, 1952 instead of December 24, 1952.
The defendant filed an exception of no right or cause of action. It is defendant’s position that if the allegations of Article VII are correct, that the petitioner is not entitled to compensation. The question for decision 'is, can a petitioner who is performing manual labor at the time of the accident recover workmen’s compensation when he is now performing manual labor, even though this manual labor causes him pain “which at times becomes practically unbearable and does not permit him to obtain complete rest at night, without the assistance of aspirin.”
It is now well settled in our state that an employee is considered disabled even though he is able to perform his usual and customary duties but not without suffering pain and discomfort.
In Stansbury v. Ocean Accident & Guarantee Corp., Ltd., La.App., 52 So.2d 300, 302, this Court, speaking through Judge Dore, said:
“It is well established in our jurisprudence that when an employee cannot perform his customary and usual duties without suffering pain, hardship and discomfort he is considered totally disabled. See Yarbrough v. Great American Indemnity Co., La.App., 159 So. 438; Stieffel v. Valentine Sugars, 188 La. 1091, 179 So. 6; Lee v. International Paper Co., La.App., 16 So.2d 679.”
In Anders v. Employers Liability Assur. Corp., Limited, La.App., 50 So.2d 87, 90, the Court said:
. “With respect .to the' argument that plaintiff is not suffering permanent and total disability, we need only to call attention to the fact that our jurisprudence has quite conclusively established the fact that the measure of disability is not predicated solely upon the ability to work but also upon the ability to work without pain. An employee is totally disabled if he suffers any substantial amotint of pain while performing work of the same character as that in which he was engaged at the time of his injury. Lee v. International Paper Co., La.App., 16 So.2d 679; Gilmore v. George W. Garig Transfer, Inc., La.App., 33 So.2d 99.
“Nor is a claimant prejudiced by the fact that the necessity for attempting to support his family by working, even under penalty of pain, requires him to make the effort. Carlino v. United States Fidelity & Guaranty Co., 196 La. 400, 199 So. 228.”
It is certainly the jurisprudence of our state, by a long line of decisions, that an employee should not be required to work if that work is performed only under great pain to the employee. To hold otherwise, in our opinion, would be defeating the purposes of the Workmen’s' Compensation Act. Nor should the employee, in this instance, be prejudiced because he did perform manual labor, under great pain and discomfort, .in order to support himself and his family. The petition alleges that defendant arbitrarily stopped compensation payments to petitioner. Under the circumstances, the petitioner was forced to return to work, or see his family deprived of food and clothing.
LSA-R.S. 23:1317 provides as follows:
“If an answer has been filed within the delays allowed by law or granted by the court, or if no judgment has been entered as provided in R.S. 23:1316 at the time for hearing, or any adjournment thereof, the court shall *592 hear the evidence; that may he presented by each party.- Either party shall have, the right to be present at any hearing or to appear through an attorney. The court shall not be bound by technical rules of evidence or procedure other than as herein provided, but all findings of fact must be based upon competent evidence, and all compensation payments provided for in this Chapter, shall mean and be , defined to be for only such injuries as are proven by competent evidence, of which there are or have been objective conditions or symptoms proven, not within the physical or mental control of the injured employee himself. The court shall decide the merits of the controversy as equitably, summarily and simply as may be.” (Italics ours.)
It is furthermore the jurisprudence of our State that a petition in a workmen’s compensation suit should be liberally construed. In Brooks v. G. E. Johnson Lumber Co., La.App., 41 So.2d 121, 123, the Court said:
• “The Courts of Louisiana have adopted the rule in all cases that a petition which fairly apprises the party defendant of a legal claim made by plaintiff ■ will not be .thrown out for technical reasons or for lack of setting forth complete details. The compensation act requires that the Courts be liberal in the construction of pleadings.” See also Brooks v. Smith, La.App., 35 So.2d 613.
We are of the opinion that the Lower Court erred in maintaining the exception and dismissing petitioner’s suit, and the judgment below will be reversed.
For the reasons assigned, the judgment of the Lower Court is reversed, all costs of this appeal to be paid by defendant.
Judgment reversed.