TATE, Judge.
On a previous appearance before this Court, we overruled an exception of no cause of action directed at petitioner’s claim to disability resulting from pain in the performance of manual labor, and we remanded this suit for trial on the merits, La.App., 80 So.2d 588. Defendant employer appeals from judgment on the merits awarding plaintiff workmen’s compensation benefits for total and permanent disability.
In our summary of the jurisprudence on this subject in our earlier opinion, we reiterated that “ ‘An employee is totally disabled if he suffers any substantial amount of pain while performing work of the same character as that in which he was engaged at the time of his injury. * * * Nor is a claimant prejudiced by the fact that the necessity for attempting to support his family by working, even under penalty of pain, requires him to make the effort’ ”, 80 So.2d 591, quoting from Anders v. Employers Liability Assur. Corp. Ltd., La.App. 2 Cir., 50 So.2d 87, 90.
The residual disability allegedly results from an operation performed upon plaintiff to repair a hernia sustained in the course of his employment on December 12, 1952. The hernia was successfully repaired; but as all four doctors testifying herein admit, due to the formation of scar tissue, the repair tightened about the sper-matic cord supporting the right testicle, as a result of which the right testicle has almost completely atrophied, and there is some atrophy of the right cord.
The doctors, while disagreeing as to the severity of the pain, agree that due to the fixation of the cord by the tightened surrounding tissues, the performance of heavy labor such as lifting could reasonably cause pain by tugging or pulling of the cord and placing pressure on the nerve supply along the cord, the amount of which pain is somewhat subjective according to the threshold of pain of the person undergoing same.
Plaintiff testified that when he strains heavily, the pain is ‘‘just like your finger was in a crack and you are pulling on it. It seems like something is pulling in the bottom part of my stomach on the right side.” With the medical testimony and the corroboration of the claimant’s complaints by the testimony of his wife, and of a former employer for a period of two years following the accident that plaintiff complained of pain at work on this latter job and gave indications of suffering, we certainly cannot hold that the District Court committed error. The District Court evaluated the testimony before it in accordance with the earlier decision in this same case directed at the identical point. *265 and by awarding judgment for total disability accepted plaintiff’s testimony, corroborated by the medical and lay witnesses, of substantial pain in the attempted performance of heavy duties, such as lifting.
We do not find persuasive defendant’s argument as to plaintiff’s complete lack of, or else only partial, disability based upon his satisfactory performance of the duties of a filling station attendant over a period of two years following the accident. First of all, the heavier portion of these duties were performed with pain, and “no one is called on to perform work while suffering pain,” Rigsby v. John W. Clark Lumber Company, La.App. 1 Cir., 28 So.2d 346, at page 350. Secondly, the evidence indisputably establishes that at the time of his injury in defendant’s employ, plaintifl had worked for 16 months as a wood-thrower in defendant’s pulpwood unloading department, which work required the continuous lifting and handling of heavy pieces of wood, from 40 to 300 lbs. in weight and was admittedly heavy duty. Whereas the record shows that the work of a filling station attendant, while occasionally involving heavy work or lifting, is of a much lighter and more intermittent nature.
Pain even of moderate degree that is continuous because of the continuous performance of heavy manual labor, is certainly substantial enough to be disabling. The employee’s performance of lighter duties, non-lifting and not causing strain, would subject him to no pain. The performance of such lighter (and far less remunerative) work by this father with four small children to feed and clothe does not require us to disbelieve his testimony of substantial pain upon lifting or doing heavy work. And the inability to do heavy work requiring lifting or straining without pain, constitutes total disability for a laborer, Bean v. Higgins, Inc., 230 La. 211, 88 So.2d 30. “Such cases as Wright v. National Surety Corp., 221 La. 486, 59 So. 2d 695; Fruge v. Pacific Employers Ins. Co., La.App. 1 Cir., 71 So.2d 625, affirmed 226 La. 530, 76 So.2d 719; Strother v. Standard Accident Ins. Co., La.App. 1 Cir., 63 So.2d 484; Fontenot v. Goldenstern Pipe & Supply Co., La.App. 1 Cir., 50 So.2d 484; Scott v. Fulton Bag & Cotton Mills, La.App., 65 So.2d 397, hold that where an employee due to the accidental injury is unable to perform substantially the duties formerly performed by him during the employment in which injured, he is totally disabled, despite his ability to earn a living doing other and lighter or less laborious, or less (or more) skilled duties.” Cummings v. Albert, La.App. 1 Cir., 86 So.2d 727, at page 729.
As to defendant’s final argument that plaintiff should be denied compensation because he refused to submit to amputation of his right testicle and a portion of his right spermatic cord, the evidence indicates this to be major surgery, preferably done under a general anesthetic, similar to (although not quite as serious as) the original hernioplasty. We do not think the employee’s refusal to undergo such an operation any more unreasonable than a refusal to undergo repair of a hernia, which refusal upon an employee’s part has been repeatedly held not to be so unreasonable as to subject him to the penalty of loss of workmen’s compensation benefits, Johnson v. United States F. & G. Co., La.App. 2 Cir., 58 So.2d 261.
We think this employee, who had previously undergone without objection major surgery which resulted in his present disability, was not required again to subject himself to major surgery, even though the medical prognostications were as favorable as they undoubtedly had been before the first operation that such surgery would relieve him of the disability to perform heavy work without substantial pain, which disability we feel has been well proved in the record.
For the above and foregoing reasons, the judgment of the District 'Court herein is affirmed.
Affirmed.