BOLIN, Judge.
This is a workmen’s compensation claim brought by. Mrs. Lena B. Rushing against the Employers’ Liability Assurance Corporation, Ltd., workmen’s compensation insurer of Shreveport Druggist, Inc., and especially Shreveport Drug Store No. 9, employer of claimant herein at the time of the accident. The lower court awarded claimant certain medical expenses and rendered judgment in her favor for total and permanent disability resulting from the accident at the rate of $21.12 per week. From this judgment, defendant has perfected this appeal.
Plaintiff was employed by Shreveport Drug Store No. 9 as a waitress at a weekly wage of $32.50. On August 8, 1959, while walking hurriedly upon the wet, slick duckboards behind the counter in said drug store, her feet accidentally slipped from under her and she attempted to break her fall by catching the counter. In so doing, she jerked her head forcefully backward, and felt a sharp pain and burning in her neck. She continued working some three weeks after the accident, but due to the pain in her neck she was temporarily off the job, and was later discharged.
It is stipulated that she was paid compensation at the rate of $21.12 per week beginning August 29, 1959, through January 30, 1960, but no further payments have been made despite amicable demand therefor. Claimant, therefore, sued for penalties and attorney’s fees in -addition to her prayer for compensation for total and permanent disability and for present and future medical expenses. Defendant has paid a portion of the medical expenses incurred as of the date of the trial below but denies the propriety of the other items allowed by the lower court in the sum of $1,060. The trial judge rejected plaintiff’s claim for penalties and attorney’s fees and since she has not answered the appeal, this issue is not before us.
Defendant’s first contention is that Act 495 of 1958 (LSA-R.S. 23:1166) is unconstitutional in that it violates Section 16 of Article 3 of the Louisiana Constitution-LSA because its title embraces more than one object, and the act fails to have a title indicative of its object. This act amends the compensation statute so as to provide that an insurer shall be estopped to deny liability of any employee’s claim on the grounds that such employment was not hazardous, and that such claims shall be exclusively under the said Workmen’s Compensation Act. It is urged that if the act is invalid for the alleged reasons, the plaintiff’s occupation was non-hazardous and therefore, there is no liability on the claim for compensation.
We think, however, that defendant’s plea in this connection is without merit. Counsel for defendant argues that the portion of the act concerned with the exclusiveness of claims under the compensation act is not contained in the title and, further, that the act contains two objects. If it be conceded that it is beyond the object of the act as expressed in the title, that affords no good reason for declaring the whole act invalid since we find that if that portion be stricken, the provisions which remain clearly come within the intendment of the title and can stand as a complete legislative enactment.
As was said in Metropolitan Life Ins. Co. v. Morris, 1935, 181 La. 277, 159 So. 388, 393:
“The rule is that' whatever is contained in an act which is not germane to its purpose as expressed in the title may be rejected as extraneous matter superadded thereto.” Authorities cited.
Or, as said in Conley v. City of Shreveport, 1949, 216 La. 78, 43 So.2d 223, 227.
*578 “In the case of City of Alexandria v. Hall, 171 La. 595, 131 So. 722, 724, the Court said: ‘It is well settled that a statute may be valid in part and invalid in part, and that the invalid part may be disregarded altogether and the other part constitute a valid statute, if the two parts are not so intimately connected as to raise the presumption that the Legislature would not have enacted the one without the other. State v. Cognevich, 124 La. 414, 50 So. 439; 26 A & E.E. 595’”.
Therefore, it is unnecessary for us to consider whether the portion complained of is invalid as that portion germane to the instant case is valid legislation standing separately.
Defendant further contends that the trial court assessed it with liability of compensation payments solely, on the grounds that it had paid compensation for some twenty-four weeks and that plaintiff is, in fact, not disabled. Defendant made compensation payments to plaintiff for several weeks and then, upon the findings of several doctors who had examined and treated plaintiff, ceased paying her.
It is sufficient to state with regard to the testimony of Drs. King, Pou and Boy-kin, that these physicians could find no objective signs of the injury and pain complained of. Dr. Norris, who treated plaintiff for her various complaints, in his deposition stated he had found no obj ective symptoms on his last examination and thought that she was no longer disabled. Therefore, upon the evidence given by Dr. Faludi, plaintiff must rest her case.
Mrs. Rushing was examined by Dr. Fa-ludi after being treated for some time by Dr. Norris, an orthopedic specialist, who failed to correct the alleged pain that persisted after his treatments. He referred her to other specialists of related fields and they could not find any objective evidence of injury. Thereafter, she was examined by Dr. Faludi and he reported that the burning sensation around her ears and head was due to occipital nerve damage accompanied by neuralgia, in his opinion caused by the accident alleged, and recommended left occipital nuerectomy for relief of symptomatic pain. This operation was performed on April 29, 1960. Thereafter, plaintiff stated she was relieved of a portion of her pain and discomfort but that she had spot tenderness in the area of the operation and soreness in the left shoulder. It was stated by Dr. Faludi that the spot tenderness was normal following such surgery and was caused by the contrast between the area rendered numb by the severance of the occipital nerve and the area immediately bordering it which received normal sensations. He stated that certain residuals of the operation would be more or less permanent.
When he first examined plaintiff in February, 1960, it was his opinion that she was still experiencing pain from cervical sprain accompanied by the neuralgia. At the time of his deposition, he was still of the opinion that she had not completely recovered from this sprain and was disabled for the type of work she was doing at the time of injury.
It is our opinion that plaintiff sufficiently established her total disability for work as of the time of the trial. The remaining question is whether this disability was of a permanent or temporary nature.
Defendant contends, and correctly so in our opinion, that the medical testimony most favorable to plaintiff only shows temporary disability expected to be removed within a few months from the date of the trial. When questioned as to the permanency of plaintiff’s disability, Dr. Faludi stated:
“Q. Now, as far as this particular patient, Mrs. Rushing, is concerned, I gather you are not saying or attempting to give the impression that, in your opinion, she is permanently disabled from physical labor, are you? A. No, sir, I didn’t say that. I said *579 that she may have some permanent residuals * * *.
“Q. Yes. A. —-which I would consider residuals referable to the numbness in the neck, but they are not necessarily disabling- for work.
“Q. Well, for your understanding, I am not saying that I thought you said that; I am just trying to get the record straight on what you are saying * * *, A. Yes, I understand.
“Q. —not trying to say that you said that. Am I correct in saying that your prognosis is that within a few months she would be able to resume the work that she was doing prior to the accident? A. Well, I think that it is possibly a fair assumption that she may be. I think the way to really tell is by examining her in a few months and finding out. There is no way of predicting the future, in medicine, and I find prognosticating the most unrewarding part of medicine. I think that with good motivation on the patient’s part one would feel that possibly she could return to work in a few months, although again I would like to say she may have some residual discomfort. She may not be completely free of symptoms.”
It is apparent that in view of his testimony as a whole the minor residual discomfort that might be permanent would be that relative to the operation.
We think that the medical evidence is preponderantly in favor of finding that plaintiff’s symptoms relating to the cervical sprain will be removed within a few months and the only permanent residuals are referable to the numbness resulting from the sectioned occipital nerve. With regard to this question of permanent disability, counsel for plaintiff has cited that line of jurisprudence of the state to the effect that the law does not expect and it does not require that a worker, in order to make a living, must work in pain and a worker will be classed as disabled if physical activity causes him to suffer pain. See Brannon v. Zurich General Accident & Liability Ins. Co., 1953, 224 La. 161, 69 So.2d 1; Zito v. Standard Accident Ins. Co., La.App. 1 Cir., 1954, 76 So.2d 25; Morrison v. Travelers Ins. Co., La.App. 1 Cir., 1955, 79 So.2d 177; and Reed v. Calcasieu Paper Co., La.App. 1 Cir., 1955, 80 So.2d 588. We recognize this to be the law of this state. However, it is our opinion that such minor discomfort as might possibly be experienced permanently by claimant herein is not to be considered disabling under the Louisiana Workmen’s Compensation Act as interpreted by the cited cases. Whatever residual discomfort which plaintiff might experience would be of such a trivial nature that it would not in any way affect her ability to resume her usual employment. The plaintiff is, therefore, entitled to an award of total and temporary disability not to exceed three hundred weeks in accordance with LSA-R.S. 23:1221(1). Also, see Hall v. Shreveport Medical Arts Building Corp., La.App. 2 Cir., 1949, 39 So.2d 628; Willet v. American Auto Ins. Co., La.App. 2 Cir., 1949, 42 So.2d 570; and Reed v. Zurich General Accident & Liability Ins. Co., La.App. 2 Cir., 1951, 51 So.2d 840.
It is also our opinion that the lower court was eminently correct in its award for medical expenses incurred by plaintiff. These expenses were related to the disability and an award for such is proper. LSA-R.S. 23:1203.
Therefore, it is ordered, adjudged and decreed that the judgment of the court below be amended to allow plaintiff sixty-five per centum of wages during the period of her disability, not exceeding three hundred weeks, and as thus amended, it is affirmed at appellant’s costs.
Amended and affirmed.