### NASH v. WYATT LUMBER CO. et al.

### No. 5667.

Court of Appeal of Louisiana. Second Circuit.

June 30, 1938.

Kay & Kay, of DeRidder, for appellant.

Cline, Thompson, Lawes & Cavanaugh, of Lake Charles, for appellees.

TALIAFERRO, Judge.

Plaintiff's ring and middle fingers of the right hand were injured while performing the duties of his employment, and he sued his employer and the carrier of its compensation insurance for workmen's compensation alleged to be due him as in case of total loss of use of the hand and the fingers thereof. We quote the following allegations of the petition, descriptive of the alleged physical injuries:

"A belt broke, flew off, or in some way became detached from a pulley on the edger machine and struck your petitioner in the palm of his right hand, completely bursting and tearing the skin, flesh, muscles, nerves, tendons and ligaments to the bone of said hand and fingers to their tips. * * · *

"Petitioner would further show that as a result of said injury received by him, the skin, muscles, tendons, tissues, ligaments, nerves and flesh of said hand and fingers are so badly crushed, mashed, torn and injured that they have been permanently weakened, the nerves exposed or affected, with the result that his said hand and fingers are drawn, closed and paralyzed, and that he will never be able to use said right hand again, and by reason of which he has completely lost the use of said hand and members."

Defendant admits that plaintiff suffered a slight injury to the right hand by accident while working for it in its planer mill on September 12, 1936, but denies that such injury operated any interruption in the performance of his duties as planer mill foreman, but affirmatively avers that from the time of such injury until June 18, 1937, he continued in its employ, discharged the same duties and received the same remuneration as was done and received prior to said injury; that he was discharged on account of advanced age. In all other respects, plaintiff's allegations are denied.

Plaintiff's demands were rejected and he has appealed.

In April, 1918, while working for the W. R. Pickering Lumber Company at or near Many, Louisiana, plaintiff's right arm was accidentally caught in some machinery and severe injuries were sustained as a result. He sued his employer for and recovered compensation. The judgment appears to have been paid afterwards in a lump sum settlement. Among the allegations of his petition in that case, are these:

"That on account of said injury, which has paralyzed his right arm and hand, and which has caused him great pain and suffering, he has been, still is, and will be for several years, unable to do work of any reasonable character."

The ultimate effect of these injuries was that the thumb and fingers of the right hand were considerably distorted. The distortion was directly due to contracture of the flexor muscles or tendons of the arm and hand. Flexion of the members was materially impaired. The fingers bent toward the palm to about the same extent they would when they are half-clinched. Plaintiff was disabled to work, because of said injuries, for two years. Thereafter, he followed planer mill work of various kinds and at various places until entering the employ of defendant herein as foreman of its planer mill. The injuries of which he now complains were inflicted by the hand being "slapped" by the end of a belt which, while in rapid motion, became severed.

Notwithstanding the serious nature and extent of his injuries, as alleged upon and described in his petition, the physicians who rendered plaintiff first aid and who treated him for several weeks thereafter, found only the flesh torn away on the ring and fourth fingers "from a point beginning at the crease between the second and third or distal phalange and extending to a point beneath the tip of the nail or right across the tip". There was a slight break in the skin of the little finger, but this was not serious enough to require treatment.

Immediately after the accident, plaintiff was sent to Dr. C. C. Self for treatment. The wounds were dressed and looked after by this physician for three days. Plaintiff then voluntarily sought the services of Dr. S. F. Fraser. Dr. Fraser treated him until October 5, 1936, on which date he was discharged. The raw surface healed nicely, granular tissue formed and was covered by new skin. The wounds yielded readily to appropriate treatment and no infection of any sort developed. Neither physician found that the trauma affected or involved any muscle, tendon, ligament, etc., of the hand or fingers, save as above described. Both of these physicians found the hand and fingers to be in the condition we have described above, the result of the accident in April, 1916. On the day of trial, over one year subsequent to the accident, these physicians found plaintiff's hand and fingers to be in practically the same condition they were when they first examined them immediately after the accident in September, 1936.

Several lay witnesses, well acquainted with plaintiff, testified that his hand and fingers at the time of trial were in the same condition they were prior to the injury in September, 1936. One or more testified that the use of the hand was so impaired prior to that time, he could not make up time sheets, etc. There are also two or three lay witnesses who testified more favorably for plaintiff. Two physicians who examined his hand a brief time before the trial, leaned to the opinion that the last accident had some bearing upon the hand's condition as of the time of their examination. But their testimony has little probative weight in view of the facts as we have found them to be.

Save for the time consumed in visiting physicians, plaintiff lost no time from his duties. He worked steadily until his discharge in June, 1937, some ten months after the accident. He was paid the same wages during this period as was paid him before being injured. He never mentioned compensation payments until after his discharge. We are convinced from a mature consideration of all the testimony in the case that plaintiff's present disability may not be attributed to any extent to the injuries received in the last accident.

The lower court, in our opinion, has correctly adjudged the question of fact involved in the case. Its judgment is affirmed with costs.