AYRES, Judge.
The plaintiff instituted this action under the. Workmen’s Compensation Statute, LSA-R.S. 23:1021 et seq., against his employer and its compensation insurance carrier for compensation at the rate of $26 per week as for total and permanent disability as the result of injuries sustained in an accident of May 14, 1952, while discharging duties of his employment and performing services in the course of his employer’s trade, business and occupation in the metal trade and machine shop work.
In answer to the plaintiff’s demands, defendants admitted plaintiff’s employment, his rate of wages and weekly compensation and admitted that by accident as alleged plaintiff sustained an injury to his foot, for which it had paid hospital and medical expenses in the sum of $345.72 and compensation payments for a period of 15 weeks, which payments they alleged fully covered any period of disability suffered of plaintiff, after which he was entirely recovered from the effects of the injury and was fully able to resume work of the same kind and character which he was performing at the date of his injury.
After trial, there was judgment in plaintiff’s favor against the defendants, in solido,' awarding plaintiff compensation at the rate of $13 per week for the period of his dis-' ability, not, however, exceeding 300 weeks, on a partial disability basis, less and except payments previously made, with 5 percent per annum interest on each of the weekly installments from its maturity until paid, fixing and taxing as costs the fees of the expert witnesses testifying on behalf of plaintiff, and fixing and approving plaintiff’s *84 attorney’s fee at the maximum statutory rate.
From the judgment thus rendered and signed, defendants appealed.
All the other facts being admitted, the only issue now before the court is a question of fact pertaining to the extent of the injury and the duration of plaintiffs disability resulting therefrom. Plaintiffs injury occurred when a pipe fell from a height of 2j/¿ to 3 feet, striking his right foot, fracturing the second, third, fourth and fifth metatarsal shafts of that foot. Immediately following the accident plaintiff was taken to Dr. Kittrell of Jena, Louisiana, who, recognizing the necessity of the services of an orthopedist, sent plaintiff to Dr. Daniel M. Kingsley in Alexandria, who, by examination and X-rays, determined the fractures above set forth. Plaintiff was hospitalized in the Baptist Hospital for a period of S days, during which a cast was applied to his foot' and he was released to return home. Plaintiff returned to Dr. Kingsley June 9, 1952, when the cast was removed and a steel insert was placed in the right shoe to prevent the foot from bending. Coon remained under treatment of Dr. Kingsley until August 29, 1952, at which time he was discharged as being able to resume his work. Previously, on July 30, 1952, Dr. Kingsley had sent plaintiff back to his employer under instructions that he be assigned light duties. Due to lack of work, the force was reduced and no work was available for plaintiff at that time.
Plaintiff was referred by his counsel to Dr. A. Scott Plamilton, orthopedist of Monroe, Louisiana, who examined him on three occasions, namely, December 10, 1952, March 5, 1953, and September 25, 1953. Plaintiff was also examined by Dr. Faheam Cannon, also from Monroe, October 23, 1952, April 9, 1953, and September 25, 1953, and by Dr. F. A. Thomas of Urania, Louisiana, on March 13, 1953, and January 15, 1954. While performing yard and garden work by the use of a spade on March 5, 1954, plaintiff sustained a bruise or injury to his foot, following which he consulted Dr. D. L. Trax.
In addition to the testimony of these medical experts, some lay evidence was offered through the testimony of Mrs. Sam Ezell and plaintiff’s wife that he could not do sustained work without pain. The two complaints of plaintiff as affecting his ability to work are some pain of an intermittent nature and thickening of the skin under the right foot, described as a bunion. The pain was by some of the experts attributed to the bunion.
In finding disability, the district judge relied'upon the testimony of Drs. Trax and Thomas and the lay testimony of Mrs. Ezell. Unquestionably, the fractures to the metatarsal shaft were practically healed on August 29, 1952, when Dr. Kingsley discharged plaintiff The bones were shown by the X-rays to have good union and the fractures reduced to where the disability, if any, was very small. During' the examinations of Drs. Cannon of October 23, 1952, and Hamilton on December 10, 1952, both of these doctors found tenderness and pain, which they evaluated at to 10 percent partial disability, which, according to their testimony, would and did become less pronounced and reduced in percentage to some 3 to 5 percent. Notwithstanding this finding of pain, both of these orthopedists concluded, as did Dr. 'Kingsley, that plaintiff was able to return to his former occupation without undue discomfort, although conceding there would be intermittent pain, fatigue and discomfort of a minor nature when plaintiff resumed work until, by exercise, the muscles, tendons and ligaments of the affected area had become adjusted.
Dr. Thomas, basing his opinion on physical examinations made by him, without the benefit of X-rays, testified that plaintiff was not able to resume his former occupation because of arthritis and the flattening of the arch of the foot, stating that on the occasion of his examination of March 13, 1953, he found a pronounced thickening of the skin on the bottom of the afflicted foot, which thickening, however, was reduced, as shown by a subsequent examination of January 15,1954.
Neither Dr. Hamilton nor Dr. Thomas found any callous formation on the bottom *85 of the foot. Dr. Cannon found thickening of the skin under the bottoms of both feet but slightly more so on the right than on the left, possibly due to a congenital defect rather than traceable to the accident. Dr. Cannon also called attention to the fact that plaintiff had a short first metatarsal shaft on the left foot, which in his opinion would have a slight but insignificant part in the manner in which plaintiff, may perform the duties of his employment.
Consideration of Dr. Thomas’s testimony should be given in the light of his examination of March 5, 1954, following an injury to plaintiff’s foot caused by spading. Dr. Thomas did not make as complete an examination as the three orthopedists and did not have the benefit of X-rays, thus, it is clear his testimony is not entitled to the same, weight.
Plaintiff contends that on account of the pain and discomfort continued to be suffered by him, his ability to work is impaired, and that within the intent of the Compensation Act he is totally disabled. In' support thereof he cites , the following cases: Maleby v. Gulf Refining Co. of La., 2 Cir., 1924, 1 La.App. 68; Franklin v. Bon Ami Lbr. Co., La.App. 1st Cir.1949, 41 So.2d 254; Stansbury v. National Auto. & Cas. Ins. Co. of Los Angeles, Cal., La.App. 1st Cir.1951, 52 So.2d 300; Yarbrough v. Great American Indemnity Co.; La.App., 159 So. 438; Stieffel v. Valentine Sugars, 188 La. 1091, 179 So. 6; Lee v. International Paper Co., La.App., 16 So.2d 679. With the pronouncements of those cases and with that in Carlino v. United States Fidelity & Guaranty Co., 196 La. 400, 199 So. 228, to the effect that a. workman is deemed totally disabled within the meaning of the Statute where a resumption of work following an injury causes great pain and suffering, we are in full accord. However, here the pain and suffering claimed by plaintiff, according to the medical testimony, is greatly exaggerated and is insufficient to cause plaintiff any serious discomfort or to prevent him from discharging the duties of his usual work or work of a similar nature and character. By a resumption of activity on a gradual basis .the consensus of opinion of the experts is • .that plaintiff’s discomfort will, disappear, and . Dr. Hamilton,, from his examination pf December 10, 1952, was of the opinion that the disability would be reduced after a lapse of some 3 to 4 months to a partial extent only of from 3 to 5 percent, which, -from the testimony as a whole, we are convinced is insufficient to impair plaintiff’s ability to any appreciable extent.
From a consideration of the entire record, both expert and lay testimony, the conclusion is reached that plaintiff’s disability probably extended to May 1, 1953, to which date he should be awarded compensation. The conclusion of 'the trial court that plaintiff was only partially disabled, based upon his findings that plaintiff since the accident had engaged in a small amount of yard and garden work, the income from which is not shown by the record, was erroneous, as hereinabove shown. For the period stated, plaintiff’s disability was total, entitling him to compensation on that basis.
' The conclusions herein reached require the annulling and recasting of the judgment. Accordingly, for the reasons herein assigned, the judgment appealed is annulled,' avoided, reversed and set aside and there is now judgment in favor- of plaintiff, Baker Boatner Coon, against the defendants, Germany Iron Works, Inc., and American Employers’ Insurance Company, jointly and in solido, for weekly compensation at the rate of $26 per week, beginning May 14, 1952, to and inclusive of May 1, 1953, together with 5 percent per annum interest on each of said weekly installments from its maturity until paid, less the payment of such weekly compensation for a period of 15 weeks.
It is further ordered, adjudged and decreed that the fees of plaintiff’s attorney be and the same are hereby fixed and approved in the sum of 20 percent of the amount which may be collected under this judgment, not, however, to exceed the statutory maximum amount of $1,000, and *86 that the fees of Drs. F. A. Thomas and D. L. Trax be and the same are hereby fixed and taxed as costs in the sum of $35 each, and that the defendants pay all costs of court, including the cost of their appeal.
Reversed and remanded.