LOTTINGER, Judge.
When this matter was previously before us, we reversed the Judgment of the District Court, sustained the defendant’s plea of prescription and dismissed plaintiff's suit. See La.App., 75 So.2d 389. Subsequently the plaintiff applied to the Supreme Court for and was granted a- writ of cer-tiorari or review. The Supreme Court reversed our holding on the question of prescription and remanded the case to us for consideration of the merits. See 227 La. 941, 81 So.2d 2.
All of the medical evidence as well as lay testimony has been carefully reviewed by us in our former opinion, wherein we concluded that plaintiff was totally disabled. See 75 So.2d at page 402.
 Defendant still contends however that plaintiff has failed to prove his disability and complaint by a preponderance of the evidence, and that plaintiff is able to do the same type and kind of work he was doing when injured. To this we do not agree but concur with the findings of fact of the Lower Court. Plaintiff was classified as a utility man in the employment of defendant. As such, this classification has been described by defendant’s district superintendent as “well utility man covers about any type of work in the plant, in the yard, such as cleaning up, or working in the warehouse; working around the units, processing buildings, light carpenter work, helping painters, helping plumbers. Just as you might say, it is a floating crew that can help do any type of work within the plant.” It has been shown under this classification that plaintiff was required to do various and sundry types' of work around the plant the majority of which was heavy manual labor. It likewise has been shown in this record by a preponderance of testimony by medical as well as lay witnesses that the plaintiff is unable to perform any type of heavy work without pain and suffering. He could only be recommended to do' light work. It is well established in our jurisprudence that an employee whose injuries prevent him from performing his customary and usual duties without suffering pain, hardship and discomfort is totally disabled within the meaning of the Compensation Act. We are of the firm opinion that plaintiff falls within this category and are still of the opinion that the plaintiff is totally and permanently disabled and consequently the judgment appealed from is affirmed.
Judgment affirmed.
TATE, J., recused, M. D. MILLER, Jr., Judge ad hoc.