GLADNEY, Judge.
Earley Bailey sues for workmen’s compensation as a result of an injury to his back, sustained on June 28, 1955, while employed by the J. A. Jones Construction Company as a brick tender. Made defendant is the Aetna Casualty & Surety Company, the workmen’s compensation insurer. After trial, where the only issue presented was as to the duration and extent of the injury received, there was judgment awarding compensation for a period of fifteen weeks. From this judgment, plaintiff has appealed seeking an award for four hundred weeks’ disability and the defendant has answered the appeal, asking that plaintiff’s demands be rejected in toto.
At the time of injury Earley Bailey was twenty-six years of age and weighed in excess of two hundred pounds. On the date of the accident while plaintiff was standing inside an upper floor of Selber Brothers Department Store, then being erected in Shreveport, Louisiana, and lifting bricks over the outside wall of the building, a cinder block on which he was standing turned under him as he lifted a load of brick in his brick tongs, and he fell to his knees and experienced severe pain in his back.
The employee was examined for diagnostic purposes by three physicians, two orthopedists and two neurosurgeons, during which examinations several sets of X-ray pictures were taken. These examinations were made between June 28, 1955, and June 6, 1956. The opinions and findings of the medical examiners were without any substantial differences, and with striking uniformity disclosed there was nothing clinically wrong with Bailey other than a lumbosacral sprain from which there was a normal recovery. Dr. J. S. Sanders alone testified to the existence of muscle spasm after July 26, 1955, but he did not find it present after September 12, 1955. The X-ray pictures showed the existence of asymmetrical articular facets which are of congenital origin and were described as “little side joints between the fifth lumbar vertebra and the top of the sacrum.” There was some testimony that these asymmetrical facets could create an unstable condition of the back with possibility of a more frequent recurrence of back sprain, but none of the medical witnesses testified the congenital condition of plaintiff’s back was in anywise affected by the accident, although it was testified the condition possibly could prolong disability from the sprain. Dr. Ford Macpherson was of the opinion on July 9, 1955, Bailey presented a case of hysteria and suggested psychiatric treatment. Plaintiff, in fact, received some observation and attention for this neurosis from a neurosurgeon, Dr. Heinz K. Faludi. On a later examination Dr. Macpherson thought the hysteria had disappeared. This condition, however, is not an issue in the case. The preponderance of the medical evidence was to the *578 effect that a lumbosacral sprain normally should clear up in from three to six-weeks. Dr. T. R. Simpson concluded on July 26, 1955, that plaintiff had fully recovered and released Bailey so that he could return to work. Compensation payments were made up to this date for a period of four weeks.
Plaintiff testified that following- his discharge by Dr. Simpson, he reported back to work with his employer on three different occasions, but each time he worked only for short periods and finding that he was unable to perform the duties required of him without substantial pain, he left his employment. Thereafter he performed no further work until October 11, 1955, at which time he applied to the Coastal Plains Supply Company where he had previously worked, and received a job driving a cement mixing truck and performing other duties involving manual labor. Occasionally his work required him to unload sacks of cement weighing ninety-four pounds each. Plaintiff was so employed constantly for a period of seven months until found to be suffering from a venereal disease, whereupon he was discharged in accordance with a policy of his employer in such cases.
In addition to the medical evidence the record contains the testimony of several co-workers and some of his neighbors, and that of his wife. The effect of this testimony is that plaintiff was still complaining of his back at the time the case was tried and was unable to perform the same kind of work he could do prior to the accident.
Counsel for plaintiff argues the evidence as a whole indicates that although plaintiff can and does perform the same kind of work as that which he was performing at the time of the accident, that such work is accompanied by substantial pain, and, therefore, he is entitled to workmen’s compensation as for total and permanent disability. The defendant, on the other hand, contends that the testimony of plaintiff is unreliable; that his complaints were exaggerated; that there were discrepancies in the history given to some of the examining doctors; and that he gave false answers in an employment questionnaire when he applied for work with the Coastal Plains Supply Company. The defendant presented also the testimony of Edward Mauldin, who was Bailey’s foreman or superintendent, that at no time did the employee complain of back pain while working as a truck driver or laborer during his employment. Defendant also points out that compensation was paid to July 26, 1955, at which time, according to Dr. Simpson, plaintiff was fully able to return to his work with the J. A. Jones Construction Company. Further, it is argued the medical testimony substantially shows there were no objective symptoms to indicate anything was wrong with plaintiff’s back, other than the sprain.
The judge a quo, noting the testimony that a lumbosacral sprain of a normal back should clear up in from three to six weeks, but that in a case of an individual with asymmetrical facets the recovery period may be extended, awarded compensation to October 11, 1955. This date was fifteen weeks after June 28, 1955, the date the accident occurred. The court’s conclusion that the employee had fully recovered as of October 11, 1955, is predicated to a considerable extent on the fact that Bailey worked steadily and without any complaint to his new employer for a period of seven months, before being released because of a venereal infection. It is also pointed out by the court that Dr. C. S. Holt, who examined plaintiff on October 11, 1955, found no clinical evidence of any back injury and no complaint to the doctor was made by plaintiff of any such injury. Bailey testified he gave Dr. Holt false answers relating to his accident and resulting injury because he was determined to secure a job.
It is argued seriously by counsel for plaintiff that the medical testimony supports the contention that the sprain which plaintiff sustained in the accident aggra *579 vated the asymmetrical facets in plaintiff’s spine. However, we conclude, as did the trial judge, that none of the medical witness’es went so far as to say that the congenital condition was affected by the accident, but some indicated that the presence of such a condition might prolong the period of recovery from a back sprain. This factor was taken into due consideration by the judge a quo in the judgment which allowed plaintiff compensation to October 11, 19SS.
It as well recognized that the burden of proof to establish his claim in a workmen’s compensation suit rests upon plaintiff, and probability, conjecture and possibility may not serve as a basis for judgment in such a case. Davis v. Swift & Company, La.App.1953, 68 So.2d 670; Roberts v. M. S. Carroll Company, Inc., La.App., 1953, 68 So.2d 689; Green v. A. C. Campbell Construction Company, Inc., La.App., 1955, 78 So.2d 54. It is equally well settled that the Louisiana Workmen’s Compensation Law does not disqualify from its benefits a worker who is unable to perform the regular and usual duties of his previous occupation without hardship, pain and discomfort, and such a worker is classified as totally disabled within the purview of the statute. Estilette v. United States Fidelity & Guaranty Company, La. App., 1 Cir., 1953, 64 So.2d 878; Reed v. Calcasieu Paper Company, Inc., La.App., 1 Cir., 1955, 80 So.2d 588; Williams v. Southern Advance Bag & Paper Company, Inc., La.App., 2 Cir., 1956, 87 So.2d 165. Also settled by our jurisprudence is the principle that a plaintiff is considered totally disabled within the Louisiana Workmen’s Compensation Act if he is unable to perform heavy physical labor similar to that in which he was engaged when injured, even though he might be able to perform light work without discomfort. Brown v. International Paper Company, La.App., 1 Cir., 1952, 58 So.2d 557; Johnson v. Cabot Carbon Company, Inc., La.App., 2 Cir., 1955, 84 So.2d 639; Nubles v. Texas Gas Transmission Corporation, La.App., 2 Cir., 1954, 72 So.2d 565; Cummings v. Albert, La.App., 1 Cir., 1956, 86 So.2d 727.
Plaintiff received no medical treatment after October 11, 1955, the date on which he met the physical requirements for employment with Coastal Plains Supply Company. On that date Dr. C. S. Holt gave him an examination for the purpose of determining his fitness for the contemplated employment. According to plaintiff’s own statements he was not suffering from any injury and his answers to his employer’s questionnaire negatived any complaints relating to his back. Plaintiff then worked without interruption for a period of seven months prior to the trial of this case. The job involved manual labor of a sort as difficult as that of a brick tender. Although fellow employees testified plaintiff complained of his back during this period, this testimony was refuted by Bailey’s immediate supervisor who testified Bailey never complained of his back during the seven months period.
In awarding compensation to October 11, 1955, we are of the opinion that the District Court was liberal in the award and accorded ample weight to the testimony, both medical and lay, tendered in support of plaintiff’s disability. We agree in the conclusions reached.
For the foregoing reasons the judgment from which appealed, is affirmed.