AYRES, Judge.
Plaintiff, a former employee of the defendant, instituted this action to recover compensation provided for total and permanent disability as the result of accidental injuries allegedly sustained by him October 8, 1954, while performing services in the course of his employment in hauling logs by truck for the defendant. The accident occurred while plaintiff was engaged in unloading logs from a truck to a skid-way by means or use of a cant hook. While so engaged one of the logs, as it rolled from the truck, struck the cant hook, the handle of which, in turn, struck plaintiff’s knee, as the result of which plaintiff claims that he sustained injuries to his back of such a nature and to such an extent as to render him permanently and totally incapacitated to do work of the same or similar character.
In response to plaintiff’s demands defendant admitted that plaintiff was injured in an accident but contends that the injury sustained was only slight and confined to the left knee, and that the injury consisted of a mere contusion and swelling of the knee. Defendant further avers that plaintiff received all medical attention necessary for the treatment of the injury sustained and was discharged from further treatment after October 27, 1954, as having fully recovered, and, that at all times since, plaintiff has been fully able to resume the duties of his employment. In the alternative, it was claimed by defendant that, if plaintiff had any further disability, such disability had no causal connection with the accident sustained by him in its employ. During the trial it was stipulated that plaintiff was paid four weeks compensation at the rate of $30 per week.
The trial court concluded that plaintiff had not established his claim by a preponderance of the evidence and found that whatever disability plaintiff continued to suffer could not be attributed to the accident. Accordingly, plaintiff’s demands were rejected and he has appealed. The question for determination is, therefore, one of fact.
The injury suffered by plaintiff appears to have been of a minor nature. Following the accident plaintiff returned with his truck to the woods for another load of logs, the loading of which was apparently done by fellow employees. After returning to the mill with the load plaintiff reported to the clinic of Drs. Thomas and Tannehill in Urania, physicans of the defendant. *840 He was hospitalized for about three days. During that time swelling and tenderness were in evidence over the patella of the left knee. X-rays as to fractures or dislocations were negative. Plaintiff’s knee, however, sustained abrasions or brush burns.
Following his discharge from the clinic on October 11, 1954, plaintiff returned two days later complaining of pain in his knee and again returned on the 19th, complaining additionally that he could not bend his knee, a demonstration of which disproved the complaint.
Because of plaintiff’s continued complaints of pain in his knee he was referred by his local doctors to Dr. T. E. Banks, an orthopedist of Alexandria, Louisiana, who made an examination on October 22, 1954, as the result of which the doctor expressed an opinion that, although plaintiff was able to return to work, due to the fact of the recent injury two additional weeks was advisable for complete recovery before resuming labor. Continuing to complain of pain in the area of his knee, plaintiff reported to Dr. Thomas at Urania and was again treated in the clinic at Urania from October 28th to October 30, 1954. During thÍ9 time plaintiff carried a slightly abnormal temperature and was given sedatives for pain and was administered penicillin and streptomycin. After plaintiff’s fever subsided he was again referred to Dr. Banks for re-examination and, on November 1, 1954, was referred to Dr. P. M. Davis, also an orthopedist, to whom plaintiff made no complaints nor gave any history of pain in his back. The examination revealed no pain suffered by plaintiff in his back, and that his back was straight with no evidence of any list. The doctor was of the opinion that plaintiff was fully able to pursue his occupation.
Drs. Thomas and Tannehill found no disabling injuries of a permanent nature. Neither did the two orthopedists find any such disabling injuries. Both orthopedists were of the opinion that plaintiff was able to resume his occupation at the time of their examinations. At no time did plaintiff complain to either of these four doctors of an injury to or a pain in his back.
Plaintiff, however, was, at his own instance, examined by Dr. A. Scott Hamilton, an orthopedist of Monroe, Louisiana, on December 3, 1954, when he caused plaintiff to be admitted to a hospital in Monroe for the application of pelvic traction, pursued during a course of several days. Further visits to Dr. Hamilton’s office were made on December 29, 1954, and January 11 and 31, 1955. On the last of these visits plaintiff was again admitted to the hospital for the performance of a myelogram. Other visits were made March 4 and 7, 1955, when Dr. Altenberg, another orthopedist, was called for consultation, following which an operation was determined for the correction or removal of a herniated disc. This operation was performed about April 11, 1955, from which it was disclosed that plaintiff was not suffering from a herniated disc. There was found, however, a thickened ligament, “presumably” pressing upon one part of the sciatic nerve, and another ligament less involved. Both ligaments, as was a small amount of bone, were removed to prevent any pressure upon the nerve.
Apparently following the operation plaintiff received some relief but continued to complain that because of the condition of his back he was totally disabled. Unquestionably, plaintiff continued, for some period of time, to suffer pain from some post operative condition in his back.
The record establishes that between the time plaintiff was examined by Dr. Davis on November 1, 1954, and by Dr. Hamilton on December 3, 1954, most probably during the Thanksgiving holidays, plaintiff, while visiting a residence under construction, fell face forward to the floor level while walking the floor joists. In that accident plaintiff sustained injuries to his face and possibly an injury to his back. There is no proof, however, that the condition of plaintiff’s back, as revealed by Dr. Hamilton’s *841 operation, was traumatic in origin, or that, if it was, it did not as likely happen in one of the accidents in which plaintiff was involved as the other.
Dr. Hamilton and Dr. O. P. Mauterer were of the opinion that plaintiff was disabled from the performance of manual labor. Dr. Mauterer testified that plaintiff was so disabled at the time of his examination of May 19, 1956, but that he was unable to attribute the disability to the accident sustained by plaintiff in defendant’s employ. Unquestionably, the weight of the medical testimony is that the original complaint of plaintiff was confined and restricted to his left knee and that such injury was, in all probability, of a minor nature.
It is contended, however, that plaintiff’9 back injury did not manifest itself until after plaintiff was first examined by Dr. Hamilton on December 3, 1954. The conclusion, however, is inescapable that plaintiff has not shown any causal connection or relationship between the accident sustained in defendant’s employ and the injury claimed to his back, in the treatment of which an operation was performed by Dr. Hamilton. That such causal connection was not established clearly appears not only in the testimony of Dr. Hamilton but from the other expert witnesses testifying in the case. By no means could it be held that plaintiff has established this fact by a clear preponderance of the evidence.
Although it is well established in the jurisprudence and by statutory requirements that we liberally construe the Workman’s Compensation Act, LSA-R.S. 23:-1021 et seq., in favor of the injured workman, it has been repeatedly held by this and the other appellate courts of this state that plaintiff carries the burden of proof to establish his claim in a workman’s compensation suit, and that conjecture and probability are insufficient as a basis upon which a judgment may be predicated. Roberts v. M. S. Carroll Co., Inc., La.App., 68 So.2d 689; Davis v. Swift & Co., La.App., 68 So.2d 670, 673; Driggers v. Coal Operators Casualty Co., La.App., 73 So.2d 602; Smith v. International Paper Co., La.App., 73 So.2d 652, 658; Robbins v. Chicago Mill & Lumber Co., La.App., 76 So.2d 635, 638; Henderson v. New Amsterdam Casualty Co., La.App., 80 So.2d 438; Braziel v. Pope, La.App., 86 So.2d 717.
To hold, under the proof contained in the present record, that plaintiff sustained injuries to his back on October 8, 1954, would be indulging in conjecture and speculation.
Plaintiff further submits that he was not fully recovered from the first injury when he was involved in the second accident, which may have produced the back injury, and that as a result of which defendant is responsible for any injury and disability resulting therefrom which may occur during total disability suffered from compensable injuries sustained in an accident. This contention is likewise untenable.
There is no contention made, nor proof showing, that the second accident was in any way superinduced or caused by any effect produced by the first accident. As shown hereinabove, at the time of the second accident plaintiff had recovered from the effects of the first accident. There is, therefore, and could be, no connection between the two accidents. Neither could there be any connection between injuries sustained in the second accident with those sustained in the first. It could not, therefore, be said that the second accident arose out of and in the course of plaintiff’s employment. Not being in the employ of the defendant at the time the second accident occurred, there is no liability on the part of the employer.
However, in support of this latter contention, plaintiff cites the following cases: Perkins v. Long Bell Lbr. Co., 8 La.App. 403; Coon v. Germany Iron Works, La.App. 81 So.2d 83; Nash v. Wyatt Lumber Co., La.App., 183 So. 72; Brock v. Jones & Laughlin Supply Co., La.App., 39 So.2d *842 904; Stansbury v. National Auto & Cas. Ins. Co., La.App., 52 So.2d 300; White v. Taylor, La.App., 5 So.2d 337.
A casual reading of these authorities demonstrates they are inapposite. For instance, in the Perkins case plaintiff sustained a broken leg in a compensable accident. While undergoing treatment in the hospital, on instruction from his physican to exercise his leg to a limited extent in order to gain strength, he fell and rebroke his leg.
In the Coon case plaintiff sustained fractures to the second, third, fourth and fifth metatarsal shafts of his right foot when struck by a falling pipe. While recuperating from this injury he sustained a bruise or injury to his foot while spading in a garden. This second injury is not shown to have aggravated his previous injury or to have prolonged his recovery. Therefore, no serious consideration was given it in disposing of the claim made on account of the first injury.
In the Nash case the evidence shows that plaintiff sustained an injury in April, 1918, while working for W. R. Pickering Lumber Company, wherein his right arm was accidently caught in some machinery and severe injuries resulted, from the effect of which the thumb and fingers of his right hand were considerably distorted. 'Compensation was paid for said injuries. Subsequently, while employed by the defendant Wyatt Lumber Company, eighteen years later, plaintiff sustained injuries to his hand when a belt broke and struck the palm of his right hand. The record disclosed that he sustained only a flesh wound and, after healing, his hand and fingers were in the same condition they were in prior to the latter accident. It was held that the disability claimed on account of injuries to plaintiff’s hand was due to the previous injury and, accordingly, recovery was denied.
In the Brock case plaintiff’s disability was caused by a hernia produced by accidental injuries while working for one employer and an aggravation thereof by hard manual labor continued to be performed by him while working for another employer. Both employers were held equally responsible to plaintiff for compensation.
In the Stansbury case plaintiff sustained a break in his leg above the knee. From this injury he was totally incapacitated. He was hospitalized for treatment and, after wearing a cast for some time, he was fitted with a brace. In this condition he became ambulatory and was instructed by his physician to take exercise. He accordingly resumed work for his employer at the same wages, and while pushing a cart weighing approximately 750 pounds, loaded with shrimp, his leg “gave way”. A re-fracture of the previous injury had occurred. Although the same employer was involved, different insurers carried the workman’s compensation insurance. Recovery was allowed and prorated against both insurers.
In the White case plaintiff sustained an injury while working for one employer. Two days later, while engaged by another employer, he sustained the second accident which accelerated the prior injury. Both employers were held liable.
In the instant case, so far as the evidence establishes, plaintiff sustained an injury only to his knee while in the service of the defendant, from which he recovered, at least to the extent, according to the medical reports, that he was able to resume his work. Subsequently, while visiting a residence under construction, he sustained a fall which, in the opinion of the medical experts, was sufficient to produce a back injury — not that it did actually produce such injury.
There was no proof, however, that plaintiff’s complaints in his back resulted from the first accident. Neither was there any showing that the previous injury was accelerated or aggravated by the second fall 'or that there was any prolongation of his *843 recovery from the disability resulting from the first injury. The accidents were separate and distinct, as were the alleged injuries and the portions or areas of the body involved. Particularly there was no claim that the second accident prolonged or aggravated the injury to plaintiff’s- knee.
The trial court, in a well considered opinion, reviewed the testimony and resolved the factual issues and denied plaintiff recovery. From our review and appreciation of the record we are unable to find any manifest error in his Honor’s conclusions. His findings of fact are supported by a preponderance of the evidence. We have likewise reached the same conclusion that plaintiff has failed to establish his claim by adequate and sufficient proof, by a preponderance of the evidence, and to that degree of legal certainty upon which a judgment might be predicated in his favor.
Accordingly, finding no error in the judgment appealed, it is affirmed.
Affirmed.