GLADNEY, Judge.
Plaintiff, Roy E. Finley, on August 14, 1956, instituted this action to recover workmen’s compensation from his former employer, Williamson Motors, Inc., and its insurer, Hardware Mutual Insurance Company. From a judgment in favor of the defendant, rejecting his demands, plaintiff has appealed.
The most serious issue presented is whether the employee’s disability manifested at the time of trial bears a causal relation to an accident sustained by Finley on December 1, 1955, while in the employment of Williamson Motors, Inc. The injury then received, diagnosed as an acute back sprain, was recognized by the insurer of the motor company as incurred in line of duty and workmen’s compensation was paid through January 17, 1956. On January 2, 1956, plaintiff was hired by Blaine Chevrolet Company of Jefferson, Texas, and worked continuously and apparently without discomfort until he injured his back *239 after working hours on June 15, 1956. On June 17 and 22, 1956, following medical examinations, a diagnosis was made of a herniated or protruding disc with a totally disabling back condition.
Counsel for appellant contends the December 1st accident so weakened plaintiff’s back the injury from the second accident of June 15th was but a development of, and consequence or result of the first injury, and hence defendant is liable. The defense argues Dr. Garrett repeatedly examined the employee, discharged him from further treatment as of January 15th, and reported him being without disability or permanent injury; that for six months after January 2, 1956, Finley performed without diminution of earnings, and without favor, the same work to the complete satisfaction of the Blaine Chevrolet Company; and that all during this time he made no complaint to his employer or to any of his fellow employees of pain, handicap, or inconvenience. They say, further, plaintiff’s actions refute any claim of continuing disability, and assert the present disability was occasioned by the June 15th accident and is unrelated to the first accident.
Plaintiff, married, aged thirty-eight and of limited education, was and is an automobile mechanic by trade and had worked for Williamson Motors, Inc. over a period of years. On December 1, 1955, while engaged in loading a motor block assembly into a trunk of an automobile, plaintiff’s knee, slipped from its place of rest on the rear bumper of the automobile thus causing the weight of the block assembly to shift onto plaintiff’s left leg and back. Finley thereupon experienced pain in his lower back, but continued to work until December 7th, when he visited Dr. H. W. Garrett of Vivian, Louisiana.
Dr. Garrett made a complete physical and clinical examination. On December 16th he reported to the, employer’s compensation insurer a diagnosis of “no hernia, spasm of left recti muscles. Acute back sprain.” He further stated there was no permanent injury but the patient was still under treatment. A second report was sent on January 18, 1956, and discloses office visits on December 7th, 9th, 12th, 15th, 19th and 26th and on January 15th. The report recites the patient was discharged from treatment on January 15, 1956, and expressed the doctor’s opinion Finley was able to return to work on January 3, 1956. It also indicated under “Remarks”: “Since injury this patient has complained of soreness in region of left inguinal canal. Repeated examination has failed to demonstrate any hernia, weakness of internal ring or injury to cord structure. There is no varicocele, hydrocele or testicular enlargement.”
As of May 2, 1956, Dr. Garrett signed and forwarded to the insurance company two separate reports. The first of these, entitled “Surgeon’s Final Report and Bill” reflected an office visit from the patient on March 20, 1956, the original diagnosis of acute back sprain, the doctor’s bill, and further, it stated the patient was able to do the, same work as before injury and was then at work. Under “Remarks” it was noted: “Patient did not return for further treatment. We presume, he recovered.” The second report dated May 2, 1956, and labeled “Standard Form for Surgeon’s Report” recorded: “Case reopened 3/20/56. Treatment given: Salimph C, heat and B 12”. Under “Remarks” we find: “Patient did not return for further treatment.” The foregoing constitute all the reports furnished by plaintiff’s personal physician prior to the accident of June 15, 1956.
On January 2, 1956, appellant obtained a job as automobile mechanic with the Blaine Chevrolet Company of Jefferson, Texas, and commuted between Vivian, Louisiana, and Jefferson by automobile. No time was lost from his employment with this company due to any condition of health until after June 15th. The testimony of the officials and employees of the Blaine Chevrolet Company, including G. E. Blaine, James Charles Haggard, Wayne McCoy and Stirling Cooksie, uniformly shows that from *240 January 2, 1956, until January 15, 1956, plaintiff performed all the duties of an automobile mechanic without disability and without a single complaint of pain. Wayne McCoy testified also that Finley appeared in very good spirits while he worked and from his observation he believed plaintiff did not perform his work with difficulty or in pain. These witnesses were constantly with plaintiff during each work day for a period of over six months.
On June 15th after working hours, plaintiff sought to salvage for his own use some old tires which had been cast off by the company and, while so engaged in handling these tires, he complained of having “felt a catch” in his back. On the next day Finley did not report for work, but on Sunday, June 17th, he went to Dr. Garrett’s home where he told the doctor that while bending over picking up an inner tube he got a “catch” in his back. Dr. Garrett testified without explanation the examination at that time indicated the same findings he had observed on the 20th of March. The patient was referred to, and reported to Dr. Ray King, an orthopedist, on June 22nd. Following his initial examination, Dr. King concluded the complaints of plaintiff were caused by pressure on the first sacral nerve root on the left side due to.a protruding intervertebral disc at the fifth lumbar level. He accordingly prescribed a Williams brace, which was secured the next day. Plaintiff continued to work for the Blaine Chevrolet Company until June 29th when he quit his job due to the condition of his back.
It is conceded, as indeed it must be, that as of the date of trial Finley was totally disabled. The important thing, however, is to determine if the first accident is related to such disability. The following recapitulation is apropos: Dr. Garrett considered the employee disabled by the first accident only until January 15, 1956; the insurer paid the employee workmen’s compensation through January 17, 1956; Finley began the same work with equal wages on January 2, 1956, with the Blaine Chevrolet Company; that he worked continuously thereafter without complaint of pain or physical handicap to a single employee with whom he daily worked; and on June 15, 1956, he hurt his back after working hours, and has been substantially unable to perform the duties of an automobile mechanic since that date.
In response to inquiry from counsel as to whether plaintiff’s condition at the time of trial was affected by the accident of December 1st, both doctors answered affirmatively. The answer, if true, would certainly indicate plaintiff had made out his case, but proof under the Employers Liability Act, even though not affected by certain technical rules of evidence and procedure, nonetheless must be grounded on conr-petent evidence. The answer to a hypothetical question where not based on proven facts affords but little assistance in ascertaining the truth.
The record clearly indicates Dr. King’s opinion of the connection between Finley’s present disability and the first accident is largely predicated on Finley’s statement to him of continuous back pain from December 1st. Dr. King responded to the following question by the court: “Could you tell by your examination at that time, Doctor, whether this man was hurt on December 1st or on some other date?” The witness answered: "No, I could not.” The testimony of Dr. King, therefore, insofar as it relates to any causal connection between the accident of December 1st and plaintiff’s disabling condition after June 15th has but little, if any, probative value. The repeated reports of Dr. Garrett to the insurer from December 16th to May 2nd show quite clearly over his own signature the opinion of the doctor to be that on May 2nd and prior thereto plaintiff was no longer disabled from the first injury.
Turning now to the lay evidence presented on Finley’s behalf, we find the effect thereof is insufficient to overcome the *241 weight of the testimony to the effect that after the first injury plaintiff worked for more than six months during which period his fellow workers, with whom he constantly worked, were unable to detect any ' manifestation of pain or disability.
Total disability is defined in the Workmen’s Compensation Act, LSA-R.S. 23:1221(2) as disability to do work of any reasonable character. This has been interpreted by the courts as work of the same or similar description to that which the employee is accustomed to perform. Thus, where the employee resumes his usual trade after injury but not without pain, suffering and discomfort, he will be considered totally disabled. Coon v. Germany Iron Works, La.App.1955, 81 So.2d 83; Morrison v. Travelers Insurance Company, La.App. 1955, 79 So.2d 177; Fruge v. Pacific Employers Insurance Company, La.App.1954, 71 So.2d 625, affirmed 226 La. 530, 76 So. 2d 719; Johnson v. Cabot Carbon Company, Inc., La.App.1955, 84 So.2d 639. Likewise, he will be so classified if he cannot perform the kind of work he is trained to do, or customarily does, in the usual and customary way, without any serious impairment of his capacity to perform such work. Strother v. Standard Accident Insurance Company, La. App.1953, 63 So.2d 484; Mottet v. Libbey-Owens-Ford Glass Company, 1952, 220 La. 653, 57 So.2d 218. And, conversely, as in this case where, the employee has demonstrated that following an injury he was able to and did without pain, discomfort or handicap, perform the same work continuously for six months, the employee will not be considered disabled from that injury.
The record does not contain the reasons of the trial judge for rejecting Finley’s claim for compensation, but from a careful review of the record, and with full consideration of the contentions of appellant’s counsel, we find there is no manifest error in the ruling of which complained. The judgment from which appealed is affirmed at appellant’s cost.