YARRUT, Judge.
Plaintiff (suing in forma pauperis) appealed from a judgment of the District Court awarding him only $524.00 damages for injuries sustained as the result of a collision between a taxicab driven by him, and an ice truck operated by Defendant, Anthony Genovese. The items composing the award are, $400.00 for pain and suffering, $124.00 for medical expenses, plus $200.00 experts fees for the two doctors who testified for Plaintiff. Defendant has not appealed, nor answered the appeal.
Regarding the $400.00 award for pain and suffering, the district judge, in his reasons for judgment, stated:
“[The medical testimony] * * * convinces the court that plaintiff had a very minor injury, one that would not disable him from working, although he may have had a slight discomfort while working. The Court does believe that the plaintiff is entitled to recover for any pain, suffering or discomfort, which he may have suffered, as a result of the accident * * * that there was only very minor pain for a very short period of time, the Court would surmise even less than one month, as a result of this accident * * [and] that the plaintiff was uncomfortable for a period of one-and-a-half to two months after the accident, but that discomfort did not necessarily produce any pain for which compensation is sought and the Court believes, taking into consideration all the facts, that the recovery as a result of the pain, suffering and discomfort should not be more than $400.00 * * * ”
Plaintiff now seeks an increase to $1,-500.00 for pain and suffering and $200.00 for lost wages, notwithstanding that in *807 his petition he asked for the following items of special damages:
Loss of earnings as a Cab Driver $ 1,000.00
Severe injury to petitioner’s left shoulder 5,000.00
Severe injuries to petitioner’s cervical spine 5,000.00
Severe injuries to petitioner’s lumbosacral spine 5,000.00
Pain, mental suffering, mental anguish 10,000.00
$26,000.00
The accident took place when the ice truck of Defendant (Genovese), suddenly and without warning, left the side-walk curbing where it was parked, and collided with Plaintiff’s taxicab which was approaching at proper speed on the street.
Defendants make no issue here of liability; the only issue is Plaintiff’s claim for an award for lost wages, disallowed by the district court, and for an increase in the award for pain, suffering and discomfort. .
Regarding the item of lost wages, Plaintiff could only guess he lost $300.00 to $400.00, whereas Plaintiff’s work record kept by the Morrison Cab Company shows he drove a cab on as many days after the accident as before; hence, suffered no lost earnings as a result of the accident.
Regarding physical injuries and pain alleged to have been suffered by Plaintiff, the attending physicians who testified were Dr. Irvin Cahen, orthopedic surgeon, and Dr. Fred Wild, general surgeon.
Dr. Cahen examined Plaintiff April 20, 1964, five months after the accident, and found no objective evidence of injury; no discoloration or bruises; no muscle weakness; that back and shoulder motion were normal; and x-rays negative of any injury; that, based upon the history given him by Plaintiff, and upon Plaintiff’s complaints, which were entirely subjective and not objectively verifiable, he assumed that Plaintiff had suffered bruises and contusions. Dr. Cahen found no evidence to justify a diagnosis that Plaintiff suffered even a mild sprain of the neck or shoulder or back. Plaintiff did not complain of pain, only of “tightness” in the shoulder. Dr. Cahen concluded Plaintiff was not in pain, and further stated that his assumed diagnosis rested entirely upon the subjective complaints made by Plaintiff. In brief, Dr. Cahen’s testimony, in effect, was that he found nothing wrong with Plaintiff and discharged him as fully recovered from any injury he may have sustained.
Dr. Fred Wild admitted that, when he examined Plaintiff on the day after the accident, he could not see or detect any bruises or contusions. Dr. Wild examined Plaintiff only on two occasions, the day after the accident (April 21, 1964), and again (June 1, 1964). On the latter date, he discharged Plaintiff because Plaintiff had no further complaints. Dr. Wild admitted that, since he did not see Plaintiff until six weeks after the first examination, he was unable to say when Plaintiff might have recovered from the alleged effects of the accident. Dr. Wild did diagnose Plaintiff’s injuries as being “mild to moderate” sprains of the neck, left shoulder and low back; with which Dr. Cahen flatly disagreed.
Dr. Wild’s diagnosis was, in fact, unsupported by objective evidence, being entirely based upon Plaintiff’s subjective complaints and history; and that he characterized Plaintiff as a “stoic” not complaining of pain he was experiencing. Though he testified, on direct examination, that Plaintiff had sustained bruises to his left shoulder and left hip, on cross-examination he admitted he did not see, and could not detect, any such bruises which could exist but were not visible. Dr. Wild said a fat man will suffer more than a thin man, given the same trauma. Plaintiff weighed 370 pounds.
*808 While we agree with the trial judge that the Plaintiff’s injury was of a very minor nature, the awards for temporary minor hack injuries with few, if any, objective symptoms, range from $750.00 to $1,000.00. Bailey v. Aetna Casualty & Surety Co., La.App., 94 So.2d 576; Baturo v. Employers’ Liability Assurance Corp., La.App., 149 So.2d 627; Rizzuto v. Employers Liability Assurance Corp., La.App., 152 So.2d 857. Therefore, we increase the award for pain and suffering to $750.00. The judgment as amended is affirmed; Defendant to pay all costs in both courts.
Judgment amended and affirmed.