SAVOIE, Judge.
Defendant, Gold Crest Cleaners, Inc., appeals the trial court’s judgment awarding plaintiff, Evelyn E. Matherne, workmen’s compensation benefits from July 29, 1983, continuing for the period of her disability.
On October 4, 1982, plaintiff sustained neck injuries in a slip and fall accident while employed as a laundry processor for defendant. Following the accident, defendant paid plaintiff her workmen’s compensation benefits and all medical expenses incurred until March 30, 1983. At this point benefits were terminated because defendant felt that “there were no objective medical symptoms existing which supported plaintiff’s subjective medical symptoms.” Plaintiff subsequently filed suit (# 72,553) on June 7, 1983, seeking payment of additional benefits. After trial on the merits, judgment was rendered in plaintiff’s favor, awarding her benefits through July 28, 1983. The court in its reasons for judg *944 ment, specifically noted that medical evidence had been presented supporting plaintiffs disability through July 28, 1983, but that an award for subsequent benefits would be based on pure speculation. The court did not find that plaintiff had fully recovered as of July 28, 1983, and was silent with respect to her right to apply for modification of the judgment.
After the judgment became final and ex-ecutory, defendant placed into the registry of the court the full amount of the judgment. On January 24, 1984, plaintiff was permitted to withdraw the full amount of the judgment.
Plaintiff then filed suit (# 75,009) on February 6, 1984, seeking workmen’s compensation benefits for continued disability from July 29, 1983, onward. Defendant filed a peremptory exception of res judicata claiming that this matter had been resolved by final judgment in the prior suit (# 72,-553). The trial court[1] denied the exception, noting in its reasons for judgment that this is an action for the modification of a workmen’s compensation judgment under LSA-R.S. 23:1331[2], and not a new suit. Defendant then applied for writs to review the ruling on the exception of res judicata. This court denied the writ, stating that the ruling of the trial court was correct. Thereafter, trial on the merits was conducted and the trial court ruled in plaintiff’s favor.
From that judgment, defendant appeals alleging the following specifications of error:
1. Whether LSA R.S. 23:1331 applies to the instant workman’s compensation action;
2. Whether the peremptory exception of res judicata should have been maintained;
3. Whether the plalintiff’s (sic) injuries, alleged, were caused by an intervening accident that was not causally related to the October 4, 1982 work-related fall.
SPECIFICATION OF ERROR NO. 1
Defendant avers that the trial court erred in applying LSA-R.S. 23:1331 as an exception to the principle of res judicata in this case. Defendant contends that plaintiff has not shown a change in circumstances as to her disability or that the initial judgment was obtained through error, fraud or misrepresentation as contemplated by the statute. On the contrary, defendant submits that plaintiff, through a new lawsuit, is merely requesting re-evaluation of her same injuries in order to add a new period of time to her benefits. Accordingly, defendant claims that LSA-R.S. 23:1331 should not be applicable to the instant proceeding.
A review of the record reveals that although plaintiff’s claim may have been premature [3], it did show a change in duration of disability sufficient to merit modification under LSA-R.S. 23:1331.
The purpose of this statute in providing for subsequent modification of a judgment of compensation was to allow either the injured employee or the employer to have *945 the compensation adjusted to correspond to any change in the employee’s disability which may have occurred after the award of such a judgment. Jefferson v. Laure N. Truck Line, 181 So. 821 (La.App.Orleans 1938), affirmed 192 La. 29, 187 So. 44 (1939); and Zachary v. Bituminous Casualty Corp., 371 So.2d 1249 (La.App. 3rd Cir.1979). Furthermore, an increase in the duration of disability has been held to be one type of change in a claimant’s condition addressed by LSA-R.S. 23:1331. See Zachary, supra.
In the case before us it is clear that plaintiff has shown a change in the duration of her disability. The trial court in the initial suit determined that plaintiff had proven disability from the time of accident until July 28, 1983. The trial court, while finding that the medical evidence did not support an award of disability thereafter, did not find that plaintiff was fully recovered as of that date. Rather, the trial court ruled that to find disability for a longer period would be pure speculation.
In the present suit, medical evidence supports a finding that plaintiff’s disability has extended beyond the date initially contemplated by the court. As such, plaintiff has evidenced an increase in duration of disability thus justifying the application of LSA-R.S. 23:1331.
Accordingly, this assignment of error is without merit.
SPECIFICATION OF ERROR NO. 2
Defendant contends that the trial court erred in denying his peremptory exception of res judicata. It is defendant’s position that both suits in this matter involved the same parties, accident, injuries, and cause of action and therefore, the second suit (# 75,009) is barred by the final judgment rendered in the prior suit (# 72,553).
In support of his claim, defendant relies on Louisiana Civil Code article 2286[4] which states:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties and formed by them against each other in the same quality.
Our courts have repeatedly held that this article is stricti juris and each and every element of the formula must be present in order to maintain a plea of res judicata. Bethard v. State, Through Board of Trustees of District Attorneys’ Retirement System, 471 So.2d 989 (La.App. 1st Cir.), writ denied, 475 So.2d 1109 (La.1985).
In the case sub judice, certain elements required for the application of the doctrine of res judicata are not present. While the suits are between the same parties in the same quality, the object demanded and cause of action are not the same. In the initial suit (#72,553), the cause of action was based on the work related accident with the object or demand being benefits due from the accident through plaintiff’s term of disability. In the present suit (# 75,009) the cause of action is based not on the accident, but rather upon plaintiffs continuing disability. The object or thing demanded in the present suit is an award of benefits beginning July 29, 1983, which differs in time from the benefits previously granted.
Additionally, we note that this suit is actually a continuing determination of plaintiff’s disability following a judgment finding that plaintiff was indeed disabled. Had the trial court previously ruled that plaintiff was not disabled and therefore not entitled to benefits, then this matter would then be barred by res judicata, but such is not the case here.
Accordingly, we find that the requirements of LSA-C.C. art. 2286 have not been met and that the trial court was clearly *946 correct in denying defendant’s peremptory exception of res judicata.
SPECIFICATION OF ERROR NO. 3
Finally, defendant contends that the trial court erred in failing to find that plaintiffs continuing disability was caused by an intervening accident.
The record reflects that on June 28, 1983, during the course of the initial litigation, plaintiff slipped and fell on a banana peel while shopping in a local supermarket. As a result of this fall, plaintiff underwent a laminectomy fusion of her lower back. It is defendant’s contention that this intervening injury, and not the cervical injury sustained during her employment, is the cause of her present disability.
It is apparent from the record that the trial court did not agree with the contentions advanced by defendant. In his reasons for judgment the trial judge squarely addressed this issue as follows:
HAS PLAINTIFF’S DISABILITY CONTINUED BEYOND JULY 26, 1983?
At the outset of any discussion of plaintiff’s medical problems, it should be clarified that Mrs. Matherne is claiming she is entitled to benefits from the instant defendant because she is disabled from a cervical injury; she is not claiming disability from a lumbar injury. See deposition of Dr. Gary Guidry, dated August 2, 1984.
This court is satisfied from the testimony of Dr. Guidry, who was the treating physician for the cervical injury, that Mrs. Matherne has been disabled since the accident at Gold Crest Cleaners and that she is presently disabled. The cause of the disability, in his opinion, is the cervical injury, not the lumbar injury. Although this Court has given due consideration to the testimony of the other doctors, the diagnosis and opinion of the treating physician are entitled to more weight than those doctors examining the plaintiff for other reasons. Jaeckle v. Dresser Industries, Inc., 457 So.2d 646 (La.1984); Schoest v. J. Ray McDermott & Co., Inc., 411 So.2d 1042, (La.1982).
Accordingly, this Court finds, contrary to defendant’s evidence and arguments, that the disability being experienced at the present time has no connection with the plaintiff’s lumbar injury or condition. Regardless of whether Mrs. Matherne could return to work with the restrictions placed upon her because of her lumbar condition, (an issue which is not before this Court) she cannot return to work at the present time because of the problem with the cervical area of her back.
HAS DEFENDANT PROVED AN INTERVENING CAUSE OF PLAINTIFF’S DISABILITY?
Claimant does not deny that she suffered a fall in a local food store and injured the lower portion of her back during June of 1983. Indeed, she has sought and received extensive treatment for this injury, including surgery. She is not claiming that the second accident was in any way super-induced or caused by any effect produced by the first accident.
Pointing to the lack of connexity between the two accidents herein, defendant relies upon the case of Wright v. Urania Lumber Company, 95 So.2d 838, (La.App., 2nd Cir., 1957). This Court has no problem with the law as stated in the cited case, but the case is distinguishable on the facts.
In Wright, the court specifically noted that the plaintiff had recovered from the effects of his first (employment related) accident prior to the time of the second (unrelated) accident.
Such is not the factual situation in the instant case. Here, the second accident occurred in June, 1983. That date was subsequent to the employment-related accident, but prior to Mrs. Matherne’s recovery. This court has previously found that Mrs. Matherne carried her burden of proving she was disabled until July 26, 1983. See Reasons for Judgment and Judgment in suit Number 72553.
Accordingly, this Court finds that defendant has failed to meet its burden of *947 proof that an intervening cause has relieved the company of its compensation responsibility. Although there was an admitted accident which occurred subsequent to the work-related accident, the subsequent accident and resulting injury are unrelated to Mrs. Matherne’s claim for disability benefits. For the purposes of determining defendant’s liability herein, the second accident is immaterial and constitutes insufficient proof of intervening cause.
Clearly, the trial judge found that the injury and disability complained of by plaintiff was a result of the work related accident and not the slip and fall. Such a finding should not be disturbed on appeal absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). After reviewing the record, we cannot say that the trial judge’s findings were manifestly erroneous.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Defendant-appellant is to pay all costs.
AFFIRMED.

. It should be noted that Judge Paul R. Wimbish presided over both suits litigated between these parties.

. At the time of the commencement of litigation relative to this claim, LSA-R.S. 23:1331 read as follows:
A judgment of compensation may be modified by subsequent agreement between the parties, with the approval of a judge of the court which rendered the same.
At any time six months after the rendition of a judgment of compensation, a judge of the trial court that rendered the judgment shall review the same upon the application of either party for a modification thereof, on the grounds that the incapacity of the employee has been subsequently diminished or increased, or that the judgment was obtained through error, fraud, or misrepresentation. In such cases the provisions of R.S. 23:1121 through R.S. 23:1124 with reference to medical examinations shall apply.
Subsequent amendments changing the procedural aspects of modification of awards have not been raised by either litigant and form no part of this opinion. Whenever referred to herein LSA-R.S. 23:1331 is read only in the foregoing context.

.No exception of prematurity was filed by defendant. See Lofton v. Louisiana Pacific Corp., 423 So.2d 1255 (La.App. 3rd Cir.1982).

. LSA-C.C. art. 2286 of the 1870 Civil Code has been redesignated as LSA-R.S. 13:4231 by acts 1984, No. 331, § 7, effective January 1, 1985.