430 So.2d 1122 (1983)
Henry W. BETHARD, III
v.
STATE of Louisiana, Through the BOARD OF TRUSTEES OF the LOUISIANA STATE EMPLOYEES' RETIREMENT SYSTEM.
No. 82 CA 0247.
Court of Appeal of Louisiana, First Circuit.
April 5, 1983.
Writ Denied June 10, 1983.
Gary A. Bezet, Baton Rouge, for plaintiff-appellee Henry W. Bethard, III.
William C. Toadvin, Baton Rouge, for defendant-appellant State of La., Through Bd. of Trustees of Louisiana Employees' Retirement System.
Before COVINGTON, LEAR and LANIER, JJ.
LEAR, Judge.
This is an appeal from a judgment of the district court in favor of the plaintiff, Henry W. Bethard, III, declaring that he is entitled to have his retirement benefits with the State of Louisiana, through the Board of Trustees of the Louisiana State Employees' Retirement System, computed in accordance with the provisions of LSA-R.S. 24:36, as the statute read in 1964. We affirm.
Mr. Bethard filed this suit to obtain a declaratory judgment that he is entitled to the benefits of LSA-R.S. 24:36(D), which would permit him to have his years of service while a member of the Louisiana State Employees' Retirement System transferred to another state-run retirement system. He alleged that the Board of Trustees had denied his request for transfer of service credits on the ground that LSA-R.S. 24:36(D) did not provide a method for transferring service credits.
*1123 The Board of Trustees filed an exception of no cause of action on the basis that the suit was untimely under LSA-R.S. 49:964(B). The exception was overruled, and the defendant answered, admitting that it had denied plaintiff's request for transfer of service credits, but denying all other pertinent allegations. The suit was tried on a joint stipulation of facts, which is annexed as Appendix "A".
The pertinent facts are that since June of 1956, Bethard has been a member of one of the state-run retirement systems. From June 1956 through May 1960 and from August 1964 through February 1980, Bethard served as city attorney of the Town of Coushatta and was a member of the Louisiana Municipal Employees' Retirement System. From May of 1960 through May of 1964, he was a member of the Louisiana House of Representatives and as such a member of the Louisiana State Employees' Retirement System. Beginning in March of 1980, plaintiff became an assistant district attorney for Red River Parish and a member of the District Attorneys' Retirement System.
It is the plaintiff's contention that under an amendment to LSA-R.S. 24:36 in 1964, he is entitled to transfer his total accredited years of service to any of the public retirement systems, with his benefits being based on his highest salary in any former system times his total number of years of service in all systems.
LSA-R.S. 24:36 was formerly entitled "Additional benefits payable to legislators and certain legislative personnel; prior service credit; additional contributions; computation of benefits payable; membership; credit where term reduced; transfer of accredited service."
Subsection D of Section 36 of Title 24:
On and after May 1,1960, any member as defined in Subsection A of this Section, shall have the right to transfer his total accredited years of service from the retirement system from which he leaves, due to change of employment, to any retirement system maintained by the state of Louisiana or any subdivision thereof. Transfer shall be effective upon the certification of total service credit by the retirement system transferring the member to the retirement system to which the member is transferred. The retirement system transferring the member shall also transfer the employee and employers contribution accounts in full to the retirement system to which the member is transferred.
Subsection H of Section 36 of Title 24:
Notwithstanding any provision of law to the contrary and particularly R.S. 42:697, any person who within three years after serving in [the Louisiana legislature] is or has been employed by the state or any agency or political subdivision thereof shall have the right to transfer his total years of accredited service in the retirement system of which he was a member while serving in [the Louisiana legislature] to the retirement system maintained for employees of the public body which subsequently employs him, provided he has not received a refund of his accumulated contributions .... (in pertinent part).
As pointed out, the defendant refused to hold LSA-R.S. 24:36 applicable to Bethard's situation. The basis for such refusal was a 1976 amendment to LSA-R.S. 42:697(A), which provides:
A contributing member of any state, municipal, or parochial retirement system who has been a member of such system for at least three years, and who has membership service credit in any other state, municipal, or parochial retirement system of at least three years, shall have the option of combining all service for which he has credit in every such retirement system in order that elibibility for regular retirement, disability retirement, and survivor's benefits, may be acquired, subject to the limitations of this Section.
Under Section 697(A), plaintiff would be unable to utilize his legislative salary as a basis for computing benefits under any subsequent retirement system. Service in a prior system could be considered only for the purpose of time in service in determining "eligibility" for retirement.
*1124 The trial judge, after considering both statutes and the contentions of the parties as to the construction thereof, rendered a declaratory judgment in favor of the plaintiff, declaring that he was entitled to have his retirement benefits computed under the provisions of LSA-R.S. 24:36, as it read in 1964.
The jurisprudence on statutory construction demonstrates that the Board was in error in denying Bethard's request. The courts of this State have repeatedly held that if two statutes are in conflict, the statute that is more specifically directed to the matter at issue prevails as an exception to the statute that is more general in character. LSA-C.C. arts. 17 and 18; Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La. 1980); Teachers' Retirement System of Louisiana v. Vial, 317 So.2d 179 (La.1975).
On this issue, the Court in State ex rel. Bickman v. Dees, 367 So.2d 283, 291 (La. 1978), said:
Rules of statutory construction provide that where two statutes deal with the same subject matter, they should be harmonized if possible, but that if there is a conflict the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character.
Our jurisprudence is also settled that repeals by implication are not favored in law, and will not be indulged if there is any other reasonable construction. Gulf Oil Corporation v. State Mineral Board, 317 So.2d 576 (La.1975); McNamara v. First Commerce Corporation, 392 So.2d 467 (La. App. 4th Cir.1981), writ denied 397 So.2d 1361 (La.1981).
Applying the foregoing principles to the instant case, we hold that LSA-R.S. 24:36 has not been impliedly repealed. Section 36 is a statute specifically directed to the computation of retirement benefits for state legislators, inter alia. Section 697 is more general in character, dealing with all state employees, and not limited to those dealt with in Section 36. We also find that Section 36 can be harmonized with Section 697; but if there is an irreconcilable conflict between the two, then Section 36, being more specifically directed to the matter at issue, must prevail over Section 697.
In response to Mr. Bethard's petition, the Board filed a peremptory exception of no cause of action. The lower court overruled the exception and this court denied writs. The present suit does not seek judicial review of any agency decision pursuant to the Administrative Procedure Act, LSA-R.S. 49:950, et seq. This action seeks a judicial declaration of the application of two potentially conflicting statutes to a given situation which was stipulated to by the parties. Such an action is clearly within the scope of the declaratory judgment action, pursuant to LSA-C.C.P. arts. 1871-1883. See Hainkel v. Henry, 313 So.2d 577 (La.1975). We hold that the trial court was correct in its overruling of the Board's peremptory exception.
For the assigned reasons, we affirm the judgment appealed, at the appellant's costs.
AFFIRMED.

APPENDIX "A"

JOINT STIPULATION OF FACTS
The parties to this case, through undersigned counsel, hereby file the following facts which are stipulated as true and correct:

STIPULATION NO. 1
Plaintiff, Henry W. Bethard, III, was City Attorney for the Town of Coushatta and a member of the Louisiana Municipal Employees' Retirement System from approximately June 30, 1956 until approximately May 9, 1960.

STIPULATION NO. 2
Plaintiff, Henry W. Bethard, III, was a member of the Louisiana House of Representatives from approximately May 10,1960 until approximately May 10, 1964, and during such time was an active and contributing member of the Louisiana State Employees' Retirement System.

*1125 STIPULATION NO. 3
Plaintiff, Henry W. Bethard, III, again became City Attorney for the Town of Coushatta and a member of the Louisiana Municipal Employees' Retirement System on approximately August 10, 1964 and remains an active and contributing member of that system during the time which he maintains the position of City Attorney for the Town of Coushatta.

STIPULATION NO. 4
On or about March 3, 1980, Mr. Bethard became Assistant District Attorney for Red River Parish and also an active and contributing member of the District Attorneys' Retirement System and remains an active member in that system.

STIPULATION NO. 5
In October 1978, plaintiff, Henry W. Bethard, III, requested that retirement credit accrued under the Louisiana State Employees' Retirement System be transferred from that system to the Louisiana Municipal Employees' Retirement System under provisions of La.R.S. 24:36.

STIPULATION NO. 6
In October 1979, plaintiff, Henry W. Bethard, III, acting through David R. Dugas, Esquire, requested that retirement credit accrued under the Louisiana State Employees' Retirement System be transferred from that system to the Louisiana Municipal Employees' Retirement System in accordance with the provisions of La.R.S. 24:36.

STIPULATION NO. 7
The Board of Trustees for the Louisiana State Employees' Retirement System denied plaintiff, Henry W. Bethard, III's, request for a transfer of credit from the Louisiana State Employees' Retirement System to the Louisiana Municipal Employees' Retirement System.

STIPULATION NO. 8
The administrative record filed into the record of this case is a true and correct copy of the documents maintained in the State system.

STIPULATION NO. 9
During the time that plaintiff, Henry W. Bethard, III, was a member of the Louisiana House of Representatives, the Louisiana House of Representatives mistakenly failed to withhold the retirement system employee contributions from payments made to the plaintiff for several committee meetings and Louisiana House of Representatives mistakenly failed to pay to the defendant both the employee contributions which should have been withheld and the corresponding employer contributions; since notification of the error, the Louisiana House of Representatives has paid to the defendant the delinquent employer contributions; plaintiff has not paid the delinquent employee contributions and thus owes to the defendant sum of fifty-eight dollars and ninety-six cents ($58.96) plus interest in the amount of twenty-five cents ($.25) per month after February 24, 1979, in order to obtain full credit with the defendant for all service and salary as a member of the Louisiana House of Representatives.

STIPULATION NO. 10
Subsequent to the effective date of Act 416 of the 1976 Regular Session of the Louisiana Legislature, the defendant has not honored any request that creditable service be transferred from the defendant to any other retirement system pursuant to La.R.S. 24:36.

STIPULATION NO. 11
On July 7, 1978, plaintiff, Henry W. Bethard, III, applied for and requested a reciprocal recognition of service pursuant to Act 416 of the 1976 Regular Session of the Louisiana Legislature (La.R.S. 42:697) seeking to have the Municipal Employees' Retirement System of Louisiana recognize the service credit the plaintiff had with the Louisiana State Employees' Retirement System this request of the plaintiff's was approved by the Louisiana State Employees' *1126 Retirement System on August 3, 1978, and by the Municipal Employees' Retirement System of Louisiana on August 16, 1978, and the reciprocal recognition agreement is currently in effect. This request came prior to Bethard's later request for benefits pursuant to La.R.S. 24:36.

STIPULATION NO. 12
In March 1980, Mr. Bethard requested that all previously earned credits be transferred to the District Attorneys' Retirement System.

STIPULATION NO. 13
Because of the dispute which has arisen as to Mr. Bethard's entitlement to retirement benefits, Mr. Bethard is currently an active and contributing member of more than one of the retirement systems enumerated above. Upon the court's resolution of the issues involved in this lawsuit, Mr. Bethard will elect one system into which he wishes to transfer all credits and/or retire, and will formally take all steps necessary to eliminate dual membership.