450 So.2d 369 (1983)
BIG S TRUCKING COMPANY, INC.
v.
GERVAIS FAVROT, INC., et al.
Homer HOYT, Jr.
v.
GERVAIS FAVROT, INC., et al.
Eddie B. MELSON
v.
GERVAIS FAVROT, INC., et al.
Nos. 82 CA 0773 to 82 CA 0775.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
Before LOTTINGER, COLE and CARTER, JJ.
LOTTINGER, Judge.
These consolidated appeals arise from three suits brought to demand payment for services rendered and assert privileges under the Private Works Act, La.R.S. 9:4801 et seq. Plaintiffs, Big S Trucking Company, Homer Hoyt, Jr., and Eddie B. Melson sued the general contractor and various subcontractors[1] on a construction project on South Sherwood Forest Boulevard in East Baton Rouge Parish for unpaid amounts billed for hauling dirt and other *370 materials away from the construction site. The owner of the office buildings under construction, Prudential Insurance Company, was added as a party defendant. After the three suits were consolidated, the general contractor, Gervais F. Favrot Company, Inc. (Favrot), pleaded the exception of no right and no cause of action, and additionally moved for summary judgment. The motion for summary judgment was granted, resulting in three consolidated devolutive appeals.

FACTS
From the briefs and the record, we glean the following:
Prudential Insurance Company, as owner of immovable property, contracted with Favrot, a general contractor, for construction of Sherwood Oaks Office Park. Favrot recorded its contract and provided a surety bond, as required by statute. Favrot then contracted with Addco Construction Company, Inc. (Addco) for installation of the parking lots and other foundation work. Subsequently, Addco arranged with On the Move Land Development and Trucking Company, Inc. (On the Move) for removal of surplus dirt from the site. On the Move contracted with plaintiffs for the trucks and labor needed to haul the dirt. Plaintiffs rendered labor and supplied trucks in connection with the removal of the surplus dirt and deliverance thereof to defendants Jim Welsh and Michael Choates.
After a default in payment, plaintiffs recorded sworn statements showing the total amounts of their claims in the office of the recorder of mortgages for East Baton Rouge Parish. Subsequently, plaintiffs gave written notice of claim to Favrot as general contractor. The instant suits followed.
The trial court sustained summary judgment after Favrot introduced an affidavit from Addco's office manager and bookkeeper stating that Addco had never contracted with On the Move for removal of the dirt, that the dirt was given in exchange for its removal, and that Addco assumed no responsibility for its removal. Favrot also introduced an affidavit by its president which attested to the lack of privity between plaintiffs and Favrot.

SPECIFICATIONS OF ERROR
Plaintiffs-appellants do not assign precise specifications of error, but argue that the trial court committed error in finding that there were no genuine issues of material fact and Favrot was entitled to judgment as a matter of law. Plaintiffs-appellants contend that the record leaves unanswered the following contested issues of fact:
1. what were the factual circumstances surrounding the negotiations between Addco and On the Move for the removal of the dirt from the job site;
2. was an agreement struck between Addco and On the Move for the removal of the dirt;
3. did that agreement amount to a contract creating a subcontractor relationship between Addco and On the Move; and
4. ultimately, was On the Move a subcontractor to whom labor and equipment was furnished by plaintiffs for moving dirt from Favrot's construction site?

SUMMARY JUDGMENT
Under La.Code Civ.P. art. 966, a mover is entitled to summary judgment if there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law. Only when reasonable minds must inevitably conclude that the mover is entitled to judgment on the facts before the court should summary judgment be granted, Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976), cert. den. 429 U.S. 833, 97 S.Ct. 97, 50 L.Ed.2d 98.

PRIVATE WORKS ACT
The Private Works Act, La.R.S. 9:4801 et *371 seq., prior to its revampment in 1981,[2] granted a privilege against land and improvements in favor of "every contractor, subcontractor architect, engineer ... cartman, truckman, workman, laborer ... who performs work or furnishes material for the erection, construction, repair, or improvement of immovable property..." La. R.S. 9:4801. Under La.R.S. 9:4802, every contract for the construction, repair, erection, etc. of immovable property was required to be in writing, signed under authentic act or private signature, and recorded. Such recordation preserved the privileges mentioned in La.R.S. 9:4801. The owner was required to cause the general contractor to record the contract, obtain a surety bond and file same with the recorded contract. If the owner failed to require recordation of the contract, or if a bond was not filed or was of an insufficient amount, the Act mandated the owner's personal, statutory liability in addition to the privilege against his property, La.R.S. 9:4806 and 9:4812. However, if the contract was recorded and a proper bond filed, the owner was relieved of personal liability and liability for all labor and materials used in construction vested with the general contractor and his surety, La.R.S. 9:4803.
In the instant case, the construction contract was recorded and a bond filed; thus, Favrot, the general contractor, would be liable for any claim privileged under La. R.S. 9:4801, inasmuch as plaintiffs provided proper notice of their claims to Favrot as per La.R.S. 9:4811C. Favrot argues, however, that the services provided by On the Move and plaintiffs are not within the scope of privileged claims set out in La.R.S. 9:4801; thus, absent privity, Favrot cannot be held responsible for amounts not paid to plaintiffs. It is Favrot's contention that hauling dirt away from the construction site is neither the performance of work nor the furnishing of materials for the erection or construction of immovable property; therefore, plaintiffs' claims are not within the ambit of the Private Works Act.
Plaintiffs argue that On the Move was the subcontractor of Addco, a subcontractor on the project, and that because they provided labor to On the Move, their claims are privileged under the Act. There is no dispute that privity exists between On the Move and plaintiffs; thus, the primary question is whether On the Move was a "subcontractor" or a "furnisher of material" who performed work or furnished material for the erection, construction or improvement of immovable property, La.R.S. 9:4801.
We are not convinced that reasonable minds must inevitably conclude that Favrot is entitled to judgment as a matter of law. In Hunt v. La Chere Maison, Inc., 316 So.2d 850 (La.App. 1st Cir.1975), a claim against an owner for hauling four loads of trash from a construction site was held lienable under the Private Works Act. We cannot distinguish hauling trash in Hunt, supra, from hauling away excess dirt and sand in the instant case.
Moreover, a genuine issue as to material fact exists as to the nature of the arrangement between Addco and On the Move. Affidavits filed by Favrot in support of summary judgment contained allegations by Favrot's president and Addco's bookkeeper that no contract existed between Addco and On the Move. Such allegations are conclusions of law, not statements of fact which would support summary judgment. Affidavits supporting summary judgment must set forth facts which would be admissible as evidence, La.Code Civ.P. art. 967; Barnes v. Sun Oil Company, 362 So.2d 761 (La.1978). The affidavits filed by Favrot do not set forth precise facts which would aid the court in determining whether a contract did exist, which determination is properly made by the court. Thus, the affidavits supporting the *372 motion for summary judgment are insufficient.
Because there are genuine issues as to material fact and because reasonable minds could differ as to Favrot's entitlement to judgment as a matter of law, we hold that summary judgment herein was improvidently granted by the trial court.

DECREE
Therefore, for the above and foregoing reasons, the summary judgments of the trial court granted in favor of Gervais F. Favrot Company, Inc., dismissing plaintiffs' suits at their costs, are hereby reversed, and the causes remanded for further proceedings not inconsistent with this opinion. Costs of these appeals are assessed to defendant-appellee, Gervais F. Favrot Company, Inc.
REVERSED AND REMANDED.
NOTES
[1] Made parties defendant were Gervais F. Favrot Company, Inc., erroneously cited as "Gervais Favrot, Inc.", the general contractor, Addco Construction Company, Inc., On the Move Land Development and Trucking Company, Inc., Jim Welsh, and Michael Choates.
[2] The Private Works Act, La.R.S. 9:4801 et seq., was rewritten by Acts 1981, No. 724, § 1, with some changes being made in the substantive provisions thereof. Thus, references to the Private Works Act made herein refer to the version of the act existing previous to the 1981 amendments.