471 So.2d 989 (1985)
Henry W. BETHARD, III
v.
STATE of Louisiana, Through the BOARD OF TRUSTEES OF the DISTRICT ATTORNEYS' RETIREMENT SYSTEM, and Through the Board of Trustees of the Municipal Employees' Retirement System.
No. 84 CA 0686.
Court of Appeal of Louisiana, First Circuit.
June 25, 1985.
*990 Gary A. Bezet, Baton Rouge, for plaintiff-appellee Henry W. Bethard, III.
William C. Toadvin, Asst. Atty. Gen., Baton Rouge, for defendant-2nd appellant State of Louisiana, through the Bd. of Trustees of the Municipal Employees' Retirement System of La.
Anna F. Dow, Baton Rouge, for defendant-1st appellant the Bd. of Trustees of the District Attorneys' Retirement System.
Before WATKINS, CRAIN and ALFORD, JJ.
WATKINS, Judge.
This is an appeal taken by defendant-appellant, District Attorneys' Retirement System, from a summary judgment in favor of plaintiff-appellee, Henry W. Bethard, III, declaring that he be allowed to transfer retirement benefits from two different State retirement systems to another, computed in accordance with the provisions of LSA-R.S. 24:36, as the statute read in 1964. We affirm.
The record indicates that plaintiff was a City Attorney (Municipal Employees' Retirement System or "MERS") for the Town of Coushatta from June 1956 through May 1960, a Louisiana Legislator (Louisiana State Employees' Retirement System or "LSERS") for four years, and again a City Attorney for Coushatta ("MERS") from August 1964 through February 1980. Beginning in March of 1980 plaintiff became an assistant district attorney for Red River Parish (District Attorneys' Retirement System "DARS") and remained in that capacity until August, 1983, when he became entitled to retire. Plaintiff sought and the district court issued a declaratory judgment entitling Mr. Bethard to transfer all of his credited years of service, all the employee and employer contributions account of LSERS and the MERS, to the DARS pursuant to LSA-R.S. 24:36 and the appropriate provisions of Louisiana Law.
In 1980, in a different action, Mr. Bethard filed a suit against State of Louisiana through the Board of Trustees of LSERS when they denied his request to transfer LSERS service credit and contributions to MERS, pursuant to LSA-R.S. 24:36. LSERS claimed that LSA-R.S. 42:697 had ostensibly repealed LSA-R.S. 24:36. The trial court disagreed with LSERS and awarded Mr. Bethard the transfer, which was upheld by this court in Bethard v. State, Through Bd. of Trustees, 430 So.2d 1122 (La.App. 1st Cir.1982), writ refused, 435 So.2d 430 (La.1983). We held that LSA-R.S. 24:36 had not been impliedly repealed and that LSA-R.S. 24:36 was more specific than LSA-R.S. 42:697 and so controlling. See LSA-C.C. arts. 17 & 18; Bethard, supra.
In the instant matter, DARS is seeking to deny Mr. Bethard's request that he be permitted to transfer all contributions and years of service from LSERS and MERS to DARS. This issue involves the provisions of three statutes, LSA-R.S. 24:36[1] *991 (LSERS), LSA-R.S. 42:697[2] (MERS), and LSA-R.S. 16:1024[3] (DARS), where Bethard, supra, involved only two, LSA-R.S. 24:36 and LSA-R.S. 42:697.
The sole contention of plaintiff on appeal is that this matter has already been litigated in Bethard, supra, and that the prior judgment is res judicata.
The plea of res judicata derives its authority from former LSA-C.C. art. 2286, LSA-R.S. 13:4231 by Acts 1984, No. 331 § 7, eff. Jan. 1, 1985, which provides as follows:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
Our courts have repeatedly held that the aforesaid article is stricti juris and each and every element of the formula must be present in order to maintain a plea of res judicata. Grain Dealers Mutual Insurance Co. v. Hardware Dealers Mutual Fire Insurance Co., 196 So.2d 650 (La.App. 1st Cir.1967).
Plaintiff contends that the civilian doctrine of res judicata is applicable to the present circumstances, because all of the three essential elements for such application have been satisfied. We disagree. Each of the two suits, Bethard, supra, and the matter sub judice, is based on a different cause of action. Specifically, unlike the prior Bethard case in which a potential conflict between a general statute, LSA-R.S. 42:697, and a specific statute, LSA-R.S. 24:36, was at issue, this court is presented with two statutes LSA-R.S. 24:36 and LSA-R.S. 16:1024, each of which is specific in nature and applicable to the current circumstances. We find that the triple identity test of LSA-C.C. art. 2286 is not met.
Defendant contends that summary judgment was improper when there were affidavits contradictory to the motion. We disagree. These affidavits were from a group of former legislators who served in the legislature during the period that LSA-R.S. 42:697 was passed. In the opinion of these legislators the legislature intended to repeal LSA-R.S. 24:36 when it passed LSA-R.S. 42:697. In Authement v. Davidson, 366 So.2d 986 (La.App. 1st Cir.1978) this court held that the intention of a legislator in the enactment of legislation, not expressed to others, though factual, is inadmissible as being irrelevant and of no probative value. Affidavits supporting summary judgment must set forth facts which would be admissible as evidence. La.Code Civ.P. art. 967; Barnes v. Sun Oil *992 Company, 362 So.2d 761 (La.1978); Big S. Trucking Co. v. Gervais Favrot, Inc., 450 So.2d 369 (La.App. 1st Cir.1983). The trial court was correct in granting summary judgment.
Defendant contends that LSA-R.S. 24:36 was repealed by LSA-R.S. 42:697 (Act 416 of 1976) and other earlier enactments. We disagree. The issue of whether LSA-R.S. 24:36 was repealed by LSA-R.S. 42:697 was previously litigated before this Court in Bethard, supra. In Bethard, supra, we held that repeals by implication are not favored in law and that LSA-R.S. 24:36 was not impliedly repealed by LSA-R.S. 42:697. In dicta, we stated that while the two sections can be harmonized, if there is an irreconcilable conflict between the two, then LSA-R.S. 24:36, being the statute more specifically directed to the matter at issue must prevail over LSA-R.S. 42:697. See Bethard, supra.
In the alternative, defendant contends that LSA-R.S. 16:1024 would prevail under Bethard, supra, because it is the specific statute on the subject of the DARS. We disagree.
Unlike the prior Bethard case in which the issue was a potential conflict between a general statute, LSA-R.S. 42:697, and a specific statute, LSA-R.S. 24:36, the issue sub judice is between two statutes each of which is specific in nature and applicable to the current circumstances. Since the two statutes are laws in pari materia, they should be reasonably construed together, if possible. LSA-C.C. art. 17; Macon v. Costa, 437 So.2d 806 (La. 1983). We find the provisions of both statutes to be compatible and not in conflict. The language of LSA-R.S. 24:36, "[S]hall have the right to transfer...." is mandatory and creates a right of transfer from service as a legislator.[4] The language of LSA-R.S. 16:1024, "The board of trustees may provide for reciprocity...." is permissive and lends discretion to the Board of Trustees, in the absence of a directive from the legislature.
The result of construing the two statutes in pari materia is that Bethard's accredited years of service and his employee and employer contributions from LSERS and MERS shall be transferred to DARS. Bethard will retire from DARS as though he had been a member of that system throughout his tenure as a state employee.
The judgment of the trial court is affirmed. We also find that this case is not res judicata, and that the motion for summary judgment was properly granted by the trial court. The District Attorneys' Retirement System is ordered to pay Henry W. Bethard, III, $1,533.42 per month, retroactively from August 2, 1983, with legal interest until such time as the District Attorneys' Retirement System commences regular monthly payments. All costs are to be paid by the defendants.
AFFIRMED.
NOTES
[1] Subsection D of LSA-R.S. 24:36 provides:

On and after May 1, 1960 any member as defined in Subsection A of this Section, shall have the right to transfer his total accredited years of service from the retirement system from which he leaves, due to change of employment, to any retirement system maintained by the state of Louisiana or any subdivision thereof. Transfer shall be effective upon the certification of total service credit by the retirement system transferring the member to the retirement system to which the member is transferred. The retirement system transferring the member shall also transfer the employee and employers contribution accounts in full to the retirement system to which the member is transferred.
Subsection H of R.S. 24:36 provides:
Notwithstanding any provision of law to the contrary and particularly 42:697, any person who within three years after serving in their respective capacities as set forth in Subsection A of this Section [the Louisiana legislature] is or has been employed by the state or any agency or political subdivision thereof shall have the right to transfer his total years of accredited service in the retirement system of which he was a member while serving in [the Louisiana legislature] ... to the retirement system maintained for employees of the public body which subsequently employs him, provided he has not received a refund of his accumulated contributions ...
[2] LSA-R.S. 42:697(A), (Act 416 of 1976) provides:

A contributing member of any state, municipal or parochial retirement system who has been a member of such system for at least three years, and who has membership service credit in any other state, municipal, or parochial retirement system of at least three years, shall have the option of combining all service for which he has credit in every such retirement system in order that eligibility for regular retirement, disability retirement, and survivor's benefits, may be acquired subject to the limitations of this Section.
[3] LSA-R.S. 16:1024 provides:

The board of trustees may provide for reciprocity of credits between this system and any other state, parish, or city retirement system of Louisiana supported partly or wholly by public funds.
Subject to the requirements just set out and also to such additional rules and regulations as the board of trustees may adopt, a member transferring to this system from another system of this state ... may be granted credit for the years of service, accumulated contributions and prior service credit with which he was credited in the system from which he transfers to this system.
[4] While LSA-R.S. 24:36(H) creates a mandatory right of transfer of LSERS benefits, it is LSA-R.S. 24:36(D) which allows MERS benefits to also be transferred. LSA-R.S. 24:36(D) creates a mandatory right to transfer the "total accredited years of service from the retirement system from which he leaves due to change of employment..."